Angel L. RIVERA SANCHEZ, Plaintiff,

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.**

Civ. No. 89–0643 (JP).

United States District Court,
D. Puerto Rico.

Jan. 9, 1992.

Raymond Rivera Esteves, Juan A. Hernández Rivera, San Juan, P.R., for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant Secretary of Health and Human Services Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The defendant claims that the Application for Attorney's Fees is untimely. In addition the defendant asserts that the requested fees should be reduced, as much of the legal work documented by the plaintiff is excessive, duplicative, and unnecessary. Furthermore, the defendant alleges that the plaintiff's case does not merit a cost of living increase to the EAJA statutory compensation rate of $75.00 per hour. Upon a

thorough review of the record, we conclude that defendant's positions are not meritorious.

## I. TIMELINESS OF ATTORNEY FEES APPLICATION

■ A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses. 28 U.S.C. § 2412. Among other requirements, the prevailing party must submit to the court an application for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" under the EAJA is a judgment *rendered by a court* that terminates the civil action for which EAJA fees may be received. *Melkonyan v. Sullivan,* — U.S. —, —, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78, 91 (1991). An actual "judgment" was never issued in this case when the District Court ordered that the case be remanded to the Secretary.

The Supreme Court has recently held that the only types of remands permitted in social security cases are those described in sentences four and six of 42 U.S.C. § 405(g), and that the commencement of the period for filing a request for attorney's fees under the EAJA following a remand varies according to whether the remand is pursuant to sentence four or six. *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). In *Melkonyan,* because the District Court had not issued an actual judgment with its remand order, the Supreme Court remanded the case to the District Court for clarification of its remand order. As the retroactivity of *Melkonyan* is unclear, this Court will now clarify its remand Order of July 31, 1990, and enter judgment accordingly.[1] *Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill. 1991).

■ This Court's Remand Order (docket entry no. 13) was not clearly based upon an assessment that the Secretary's decision should have been affirmed, modified, or reversed—which would have been a "sentence four remand." Nor was the Remand Order issued clearly based upon new evidence—which would have been a "sentence six remand." Therefore the Court must now decide which type of remand most closely parallels the facts of this case.

The Remand Order was issued pursuant to the First Circuit Court of Appeals Mandate (docket entry no. 12), which in turn was based upon the Secretary's Motion to Remand. The Secretary's Motion to Remand which the First Circuit based its remand order upon, stated the following: "According to the Social Security Act, 42 U.S.C. § 405(g), a court may affirm, modify, or reverse a decision of the Secretary, *and may also remand the case for rehearing.* The Secretary, with the appellant's concurrence, respectfully requests the Court to remand this case for further development." Contrary to the Secretary's current position, the Secretary's own Motion to Remand resembles a request for the subcategory of sentence six remands which is not even implicated by *Melkonyan.* "Sentence six also authorizes the District Court to remand on motion by the Secretary made before the Secretary has filed a response in the action. That subcategory of sentence six remands is not even implicated in this case." *Melkonyan,* — U.S. at — n. 2, 111 S.Ct. at 2164 n. 2, 115 L.Ed.2d at 93 n. 2. The Motion to Remand was made before the Secretary filed a response in the appellate action, so that its request for remand paralleled a sentence six subcategory remand—request. Therefore, this Court's remand, which resulted from the Circuit Court Mandate, could in effect be interpreted as a sentence six subcategory remand. Yet it is also plausible

---

**1.** It would be insufficient for this Court to follow the Secretary's suggestion and automatically conclude that its remand Order of July 31, 1990 was a "sentence four remand" and in effect a judgment, without further clarification of the Order itself. *Melkonyan,* — U.S. at —, 111 S.Ct. at 2165, 115 L.Ed.2d at 94. Furthermore, it would be unfair to retrospectively deem the

Court's Order a judgment, given the First Circuit's insistence and this jurisdiction's practice that every judgment be set forth on a separate document. *Fiore v. Washington County Community Mental Health Center,* 936 F.2d 51 (1st Cir.1991) (Federal Rule of Civil Procedure 58 requires that every judgment be set forth on a document separate from the related order).

to view the Secretary's Motion to Remand as a hybrid sentence six remand request/sentence six subcategory request, since the Secretary's request to remand in order to further develop the case might have been based upon newly discovered evidence. Rather than entertain any further conjecture and in order to comply with the newly articulated *Melkonyan* standard, the Court will now CLARIFY its Remand Order of July 31, 1990 to read as follows:

> Pursuant to the United State Court of Appeals for the First Circuit's Mandate issued on June 27, 1990, and the Secretary's Motion to Remand, it is hereby ORDERED that this case be remanded to the Secretary for further administrative proceedings.

> The Court also FINDS that the Secretary's Motion to Remand presents good cause for a remand as the Administrative Law Judge needs to further develop the evidence regarding the plaintiff's back disorder, psychiatric condition and mental residual functional capacity, as well as further develop the vocational evidence as necessary.

> Final judgment will not be issued at this time, as the Court anticipates that the parties will return to this Court following the administrative proceedings.

The clarified Remand Order most closely parallels a "sentence six" remand. *See Damato v. Sullivan*, 945 F.2d 982 (7th Cir.1991) (where remand based upon information already in the administrative record, sentence six remand found because Secretary acquiesced in the remand). As the parties have now returned to Court and informed us of the Secretary's decision in favor of the claimant, judgment shall be entered forthwith.

Therefore, the plaintiff's Application for Attorney's Fees of September 5, 1991 conforms with the thirty day deadline set forth by the EAJA 28 U.S.C. § 2412(d)(1)(B), and can now be considered by the Court. *Miller v. Sullivan*, No. 90–2408, 1991 WL 165067, 1991 U.S.Dist.LEXIS 11919 (E.D.Pa. Aug. 23, 1991) (*Melkonyan* need not be given retroactive effect to the extent of barring a claimant from filing a fee application due to the running of the application period). As the defendant has already provided its objections to the petition for attorney's fees, the Court shall now consider the suitability of the request for attorney's fees.

## II. EAJA COST OF LIVING INCREASE

██ Under the EAJA, cost of living increases are permitted. The statute states in part:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp.1990).

In order to evaluate whether a cost of living increase is warranted, the plaintiff must submit sufficient documentation in support of the request for the increase. "[W]here plaintiff's attorney has failed to provide adequate documentation of figures used in the computation of his enhanced fee, granting the fee enhancement would be inappropriate." *Allen v. Schweiker*, 666 F.Supp. 720, 722 (E.D.Pa.1986) (attorney failed to explain where the base figure came from). *Compare Hirschey v. Fed. Energy Regulatory Comm'n*, 777 F.2d 1, 5 (D.C.Cir.1985); *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 707–08 (2d Cir.1987). In the instant case, the plaintiff's attorney has submitted: an itemized statement of time expended; and the consumer price index for all families in Puerto Rico by areas and purchasing power with a 1967 base of 100. The plaintiff's attorney also submitted copies of all the documents which were referred to in the itemized statement. Such documentation is adequate support of a request for a cost of living increase. Therefore the Court GRANTS plaintiff's request for a

cost of living increase to $87.00 per hour. The Court's review of the record and fee application also reveals that the defendant's allegation of excessive, duplicative and unnecessary hours being included in the fee application, is without merit. *Trinidad v. Secretary of Health and Human Services*, 935 F.2d 13 (1st Cir.1991) (EAJA provision for attorney's fees includes work expended on remand proceedings). In the instant case, the attorney worked diligently in preparing the plaintiff of the administrative proceedings and in presenting the case for administrative review. Thus the attorney's participation was necessary to the ultimate vindication of the plaintiff's rights. *Trinidad* 935 F.2d at 17.

Furthermore, the Court's examination of the petition for attorney's fees does not reveal that the work documented was excessive, duplicative, nor unnecessary. In fact, the petition is a fairly reasonable request for fees for legal services rendered over a two year period. Wherefore, in view of the foregoing, the plaintiff's Application for Attorney's Fees is hereby GRANTED.

IT IS SO ORDERED.