Gerald JORDAN, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

91 Civ. 5956 (JSM).

United States District Court, S.D. New York.

Feb. 25, 1992.

Jill Ann Boskey, MFY Legal Services, New York City, for plaintiff.

Lorraine Novinski, Asst. U.S. Atty., U.S. Atty's office, New York City, for defendant.

## MEMORANDUM ORDER

MARTIN, District Judge:

Plaintiff Gerald Jordan brings this action pursuant to 42 U.S.C. § 405(g) of the Supplemental Security Income Act ("SSI") to challenge the final administrative determination of the defendant, Secretary of Health and Human Services (the "Secretary") that he is not disabled and thus is not entitled to disability insurance benefits. The Secretary now moves for an order remanding the case to the Secretary pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## FACTUAL BACKGROUND

Plaintiff filed an application for SSI benefits on September 8, 1989. After his application was denied initially and on reconsideration, plaintiff requested a hearing, which was held on October 17, 1990. The Administrative Law Judge ("ALJ") before whom plaintiff appeared considered the case de novo and, on December 11, 1990, issued a decision finding that plaintiff was not disabled. This became the final decision of the Secretary on July 2, 1991, when the Appeals Council denied plaintiff's request for review. This action followed.

On January 31, 1992, the Secretary filed a notice of motion to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Secretary makes this motion after conceding that there is insufficient evidence regarding the plaintiff's past work or his ability to perform his past job requirements to support the decision below. Additionally, the ALJ failed to identify the evidence on which he relied in making his assessment of plaintiff's residual functional capacity. Because the Secretary's decision fails to satisfy the requirements of controlling law regarding full development of the record and articulation of the basis for the Secretary's decision, the secretary asks the Court to reverse that decision and remand the case for further administrative proceedings.

Plaintiff's only objection to the motion to remand is that the remand should be characterized as being ordered pursuant to the sixth sentence of § 405(g).[1] Accordingly, since there is no dispute as to whether a remand is appropriate, the only issue before the Court is whether such a remand should be characterized as a sentence four remand or a sentence six remand.

## DISCUSSION

We begin with the relevant language of § 405(g). The fourth sentence provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing.

The sixth sentence, on the other hand, provides:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

The difference in the provisions, to a large extent, is one of substance. Sentence four remands involve a substantive ruling

---

1. Plaintiff also requests, in the alternative to a remand pursuant to sentence six of § 405(g), that the Court reverse the Secretary's decision denying his claim and award him SSI benefits retroactive to the date of his application. Because the question of plaintiff's entitlement to benefits is not yet before the Court in that no answer has been filed and the record has not been fully developed, the question will not be considered at this time.

as to the correctness of the Secretary's decision, while sentence six remands do not.

The Supreme Court has recently indicated that, for the purposes of determining the availability of attorney fees under the Equal Access to Justice Act ("EAJA"), this distinction between sentence four and sentence six remands is crucial. *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). With a sentence four remand, the judgment of the district court is final, triggering the thirty-day time period for filing an EAJA fee application. *Melkonyan,* 111 S.Ct. at 2161–62. By contrast, in sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, and the court enters a final judgment. *Melkonyan,* 111 S.Ct. at 2165. Additionally, because the court retains jurisdiction over a case remanded pursuant to sentence six, the claimant may be eligible for EAJA fees for legal work done at the administrative level after the case was remanded. *Melkonyan,* 111 S.Ct. at 2162 (citing *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)). Thus it is not merely the timing of the EAJA application, but also the amount of the EAJA award available, that depends upon the determination of whether a particular remand is ordered pursuant to sentence four or sentence six.

The Plaintiff, in an effort to protect his rights to EAJA fees, argues that any remand should be made pursuant to the sixth sentence of § 405(g). Specifically, Plaintiff argues that the remand in this case more closely resembles a sentence six remand in that this motion was made by the Secretary prior to filing an answer. Additionally, Plaintiff argues that this remand is for "good cause" in that the ALJ committed legal error in failing to develop the record or identify the basis for his assessment of Plaintiff's functional capacity.

The Secretary counters that because the Court is in fact making a substantive decision in setting aside the determination below, the remand is more properly charac-

terized as a fourth sentence remand. The Court agrees.

Because the Court is vacating the decision below based on the admitted legal error of the ALJ, our decision falls squarely under the language of sentence four in that we are "affirming, modifying, or reversing the decision of the Secretary." Thus, while the procedural stance of the Secretary's motion may have similarities with a sentence six remand, the case at hand is more properly characterized as involving a sentence four remand.

Accordingly, our decision reflects a substantive ruling on the correctness of the Secretary's decision. As such, the remand is made pursuant to sentence four.

SO ORDERED.