### Maria FERNANDEZ, Plaintiff,

v.

### Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

### No. 91 Civ. 7659 (LMM).

United States District Court, S.D. New York.

Oct. 22, 1992.

David S. Buckel, of Harlem Legal Services, Inc., New York City, for plaintiff, Maria Fernandez.

Otto G. Obermaier, U.S. Atty., for the S.D. of N.Y., and Sapna V. Raj, Sp. Asst. U.S. Atty., New York City, for defendant, Louis W. Sullivan.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

Plaintiff Maria Fernandez ("Plaintiff" or "Fernandez") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the final determination of the defendant, Louis W. Sullivan, Secretary of Health and Human Services ("Defendant" or the "Secretary"), that Plaintiff retained the residual functional capacity to perform her past relevant work, and thus is not disabled, and, therefore, is not entitled to disability insurance benefits and Supplemental Security Income. The Secretary now moves for an order remanding the case to the Secretary pursuant to sentence four of 42 U.S.C. § 405(g). The Secretary's motion is granted in part and denied in part.

*Discussion*

The parties do not dispute the procedural history of this action. Further, as Plaintiff agrees that a remand is appropriate, the sole issue before the Court is whether the remand requested is to be one pursuant to sentence four or one pursuant to sentence six of 42 U.S.C. § 405(g). Sentence four provides that:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (1988). Sentence six provides that:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (1988). The Secretary maintains that a remand on his motion should be considered a sentence four remand. On the other hand, Fernandez contends that such a remand should be considered a sentence six remand. The distinction is critical to the issues of the Court's retention of jurisdiction[1] and the potential award of attorney's fees, court costs, and other expenses under the Equal Access to Justice Act ("EAJA").[2]

In *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court recently addressed the distinction between sentences four and six. According to the Court,

---

1. If remand is ordered pursuant to sentence four and the Court does not retain jurisdiction, the Plaintiff will lose the protection of the Court's "power ... to assure that its prior mandate is effectuated." *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989).

2. 28 U.S.C. § 2412 (1988). The prevailing party must submit to the court an application for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

[u]nder sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.

*Id.* —— U.S. at ——, 111 S.Ct. at 2164. This Court's section 405(g) inquiry does not end with the foregoing statement. In fact, the Supreme Court noted that "[s]entence six also authorizes the District Court to remand on motion by the Secretary made before the Secretary has filed a response in the action. That subcategory of sentence six remands is not implicated in [*Melkonyan*]." *Id.* —— U.S. at —— n. 2, 111 S.Ct. at 2164 n. 2.

Dividing remand orders into two categories, sentence four and sentence six orders, "harmonizes the remand provisions of § 405(g) with the EAJA requirement that a 'final judgment' be entered in a civil action in order to trigger the EAJA filing period." *Id.* —— U.S. at ——, 111 S.Ct. at 2165. Despite the Supreme Court's explicit statement that only two kinds of section 405(g) remands are permitted, numerous courts have found that "there are two types of sentence four remands" in addition to remands made pursuant to sentence six. *Sparling v. Sullivan,* 785 F.Supp. 312, 317 (N.D.N.Y.1992). Sentence four remands are divided between those orders in which the district court retains jurisdiction and those in which the court relinquishes jurisdiction.[3] The Second Circuit has not yet examined the question of the potentially

dual nature of sentence four and this Court need not address this matter in order to resolve the present controversy.

A sentence six remand does not rule on the substantive aspects of the case. Rather, the court remands the case to the Secretary for further proceedings. If the case is remanded under sentence six of section 405(g), "a claimant may collect EAJA fees for work done at the administrative level." *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162 (citing *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)). In order for an order to fall within the parameters of sentence six, the Secretary must have made a motion "for good cause shown before he files his answer." 42 U.S.C. § 405(g) (1988). The instant case satisfies these requirements; the Secretary has (a) made a motion for remand, (b) before answer and (c) for good cause shown.

"The Secretary seeks remand in this case because he has concluded that the opinion of plaintiff's treating physician was not evaluated in accordance with the 'treating physician rule,' and because he may have improperly evaluated plaintiff's residual functional capacity." (Def.'s Reply Mem. at 2.) The improper legal standard applied in assessing the opinion of Fernandez's physician warrants remand of the case and demonstrates good cause. *See, e.g., Cummings v. Sullivan,* 950 F.2d 492, 499 (7th Cir.1991) ("error in refusing to consider [emotional impairments] certainly constitutes good cause"); *Savell v. Sullivan,* 1992 WL 363702 at *1, 1992 U.S.Dist. LEXIS 12822 at *1 (S.D.Ala. Aug. 14, 1992) (" '[g]ood cause shown' has been defined to include a determination that the Secretary's decision is unsupported by substan-

---

**3.** *See, e.g., Labrie v. Secretary of HHS,* 976 F.2d 779, 785 (1st Cir.1992) ("we agree that a district court may retain jurisdiction pending a sentence four remand and thereafter enter final judgment for EAJA purposes"); *Gutierrez v. Sullivan,* 953 F.2d 579, 583 (10th Cir.1992) ("district court apparently intended to retain jurisdiction over the action pending the remand to the Secretary and to enter final judgment after the administrative proceedings were completed"); *Damato v. Sullivan,* 945 F.2d 982, 987 (7th Cir. 1992) (remand was neither affirmed, modified, nor reversed and, therefore, the Secretary's decision was not a sentence four remand and did

not constitute a final judgment); *Robertson v. Sullivan,* 925 F.2d 1124, 1125 (8th Cir.1991) ("[w]e view it as well settled that a remand order is interlocutory and does not divest the district court of jurisdiction over the case"); *Jordan v. Sullivan,* 785 F.Supp. 47, 49 (S.D.N.Y. 1992) (judgment of district court is final with sentence four remand); *Taylor v. Sullivan,* 1992 WL 367993 at *6, 1992 U.S.Dist. LEXIS 2585 at *20 (S.D.Ga. Feb. 20, 1992) (sentence four remand was final judgment); *Bodner v. Sullivan,* 804 F.Supp. 23, 32 (N.D.Cal.1992) ("[t]his Court finds the reasoning of *Gutierrez* persuasive and applicable to the instant case").

tial evidence"); *Bady v. Sullivan*, 787 F.Supp. 809, 817 (N.D.Ill.1992) (failure to develop full and fair record "has been consistently held to constitute good cause"); *Rivera Sanchez v. Secretary of HHS*, 786 F.Supp. 147, 149 (D.P.R.1992) (need to further develop evidence of injury constitutes good cause).

Contrary to Defendant's assertion, *Jordan v. Sullivan*, 785 F.Supp. 47 (S.D.N.Y. 1992), is at the least inapposite. In *Jordan*, the court "vacat[ed] the decision below based on the admitted legal error of the ALJ." *Id.* at 49. The court stated that it made a substantive decision to modify or reverse the decision of the Secretary, and consequently characterized the remand as properly falling within sentence four. Despite statements made by the court in *Jordan*, the Supreme Court, in *Melkonyan*, had noted that remands pursuant to sentence four follow a "substantive ruling" by a district court, instead of "merely return[ing] the case to the agency for disposition, noting that both parties agreed to this course." *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2163. In *Tucunango v. Sullivan*, 1992 WL 168094 at *2, 1992 U.S.Dist. LEXIS 9733 at *7 (S.D.N.Y. July 1, 1992), the court rejected the Secretary's position that "a mutually consented to remand, should nonetheless make a 'substantive ruling' so that the Secretary may receive the benefits of a sentence four remand." The court declined to classify the Secretary's pre-answer motion for remand as one made pursuant to sentence four. *Id.*, 1992 WL 168094 at *2, 1992 U.S.Dist. LEXIS at *10; *see also Martinez v. Sullivan*, No. 91–2247, 1991 WL 474797 at *1 (S.D.N.Y. Nov. 8, 1991) ("[b]ased on our review of … *Melkonyan* … we find that a remand pursuant to sentence six … is the appropriate procedure for this action"). The Court agrees with the *Tucunango* court's conclusions. In the instant case, the requested remand returns the matter to the Secretary for application of the "treating physician rule." The remand in no way compels the Court to make a substantive ruling.

In addition, Fernandez correctly observes that a ruling that Defendant's admitted errors are in fact errors would render the Court's ruling substantive in nature, transforming the Court's order for remand into a sentence four remand. In effect, the Secretary's position is an attempt to bootstrap this Court's ruling into a sentence four remand. The Court declines to adopt the Secretary's view because such an application of section 405(g) is antithetical to Supreme Court precedent.

Accordingly, the Court remands this matter to the Secretary for further administrative proceedings pursuant to sentence six of section 405(g).

*Summary*

For the foregoing reasons, Defendant's motion for remand is granted pursuant to sentence six of 42 U.S.C. § 405(g). The Court retains jurisdiction over this action.

The Clerk is directed to place this action upon the Suspense Docket pending further order of the Court.

SO ORDERED.