**Luis TUCUNANGO, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 91 Civ. 7702 (PNL).**

United States District Court, S.D. New York.

Jan. 5, 1993.

---

Rice Buchwald on the motion of the defendant, the Secretary of Health and Human Services, for "an order reversing and remanding this action to the Secretary." Both parties agree that a remand is appropriate. The only disputed issue at this point is whether the remand is pursuant to sentence four or sentence six of 42 U.S.C. § 405(g).

In her Report and Recommendation, the Magistrate Judge recommended that this court remand the case to the Secretary pursuant to sentence six of § 405(g). The Government objects, contending the remand should be pursuant to sentence four. After considering the objections filed by the Government, I conclude that the Magistrate Judge reached the correct conclusion. I therefore adopt her Report and Recommendation.

### Background

Little factual background is necessary. Plaintiff Luis Tucunango applied for disability insurance benefits on November 2, 1989. After various examinations, the Administrative Law Judge ("ALJ") ruled that plaintiff was not technically disabled and therefore was ineligible for benefits. Plaintiff brought this action.

Before answering, the Secretary moved to remand this action to correct two legal errors in the adjudication of plaintiff's claim. The Secretary contends that this remand should be pursuant to sentence four of § 405(g). Plaintiff, while agreeing that remand is appropriate, argues that the remand should be pursuant to sentence six of § 405(g).

Susan D. Baird, Sp. Asst. U.S. Atty., S.D.N.Y., New York City, for defendant.

David Stroh Buckel, Harlem Legal Services, Inc., New York City, for plaintiff.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

Before this court is the Report and Recommendation, pursuant to Fed.R.Civ.P. 72, of United States Magistrate Judge Naomi

### Discussion

██ Since the Supreme Court's decision in *Melkonyan v. Sullivan*, —— U.S. ——, ——, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991), it is clear that a district court's remand order pursuant to § 405(g) must be pursuant to either sentence four or to sentence six. As explained by the Magistrate Judge, the distinction is significant, implicating a plaintiff's eligibility for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, the scope of those fees, and wheth-

er the district court retains jurisdiction following remand. *See* Report and Recommendation at 2–4.

Contrary to the objection put forward by the Secretary, the remand here falls within the plain language of sentence six of § 405(g). That provision states that,

> [t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (sentence six). The Secretary here has (1) made a motion to remand for further action, (2) before filing his answer, and (3) shown good cause. The Secretary has met the good cause requirement because his motion contends that the proceedings below failed to comply with the physician rule of this Circuit, *see Schisler v. Bowen*, 851 F.2d 43 (2d Cir.1988), and failed to identify the evidence on which the administrative law judge relied in making his assessment concerning the plaintiff's residual functional capacity, *see White v. Secretary of HHS*, 910 F.2d 64, 65 (2d Cir.1990) (basis for such assessments must be clearly articulated). As the Supreme Court explained in *Melkonyan*, under sentence six of § 405(g),

> [t]he District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at

the time of the administrative proceeding and that evidence might have changed the outcome of the administrative proceeding.

*Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2163 (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990)). I therefore agree with the Magistrate that this remand should be made pursuant to sentence six of § 405(g). *See Correa v. Sullivan*, No. 92 Civ. 0408 (LLS), 1992 WL 367116 1992 U.S.Dist. LEXIS 17757 (S.D.N.Y. November 23, 1992) (concluding that factually identical remand motion fell within sentence six); *Fernandez v. Sullivan*, 809 F.Supp. 226 (S.D.N.Y.1992) (same).

In contrast, this case does not fit within the parameters of sentence four, which provides that,

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (sentence four). The Secretary's motion simply does not require this court to make a "judgment affirming, modifying, or reversing the decision of the Secretary," based "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g) (sentence four). Significantly, the Supreme Court in *Melkonyan* noted that a remand under sentence four follows a "substantive ruling" by the district court. —— U.S. at ——, 111 S.Ct. at 2163. No such ruling is appropriate at this point. *See Fernandez v. Sullivan, supra,* 809 F.Supp. at 228–29; *Correa v. Sullivan, supra; but see Jordan v. Sullivan,* 785 F.Supp. 47, 48–49 (S.D.N.Y.1992) (remand where Secretary concedes legal error is pursuant to sentence four of § 405(g): "Because the Court is vacating the decision below based on the admitted legal error of the ALJ, our decision falls squarely under the language of sentence four in that we are 'affirming, modifying, or reversing the decision of the Secretary.'").

■ Finally, I agree with the Magistrate Judge that the legislative history of the 1980 amendments to § 405(g) does not indicate that sentence six remands are limited to those motions resulting from technical flaws in the administrative process that make the Secretary unable to produce the transcript of the administrative record. *See* Magistrate's Report and Recommendation at 6 & n. 9. The Secretary's objection in this respect is overruled.

### Conclusion

The case is remanded to the Secretary for further proceedings, pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED.

## REPORT AND RECOMMENDATION

BUCHWALD, United States Magistrate Judge.

Defendant, the Secretary of Health and Human Services (the "Secretary"), has moved for "an order reversing[1] and remanding this action to the Secretary...." As plaintiff agrees that a remand is appropriate, the sole issue is whether the remand requested is one pursuant to sentence four of 42 U.S.C. § 405(g)[2] or is one pursuant to sentence six of § 405(g)[3]. The Secretary maintains that the remand should be considered a sentence four remand. Plaintiff, on the other hand, asserts that the remand ordered should be considered a sentence six remand.

Both sides agree that, at least since the Supreme Court's decision in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), remands in Social Security cases must be specifically classified either under sentence four or sentence six. Moreover, the parties agree that the consequences of the classification are significant. If the remand is pursuant to sentence four (and if the court may not retain jurisdiction),[4] rather than sentence six, a plaintiff may not be eligible for attorney's fees under the Equal Access to Justice Act ("EAJA")[5] for the necessary administrative proceedings because plaintiff is not the "prevailing party" when only a remand for further proceedings has been ordered. *Sullivan v. Hudson,* 490 U.S. 877, 885–86, 109 S.Ct. 2248, 2554–55, 104 L.Ed.2d 941 (1989). Further, if plaintiff is the prevailing party at the administrative level, no

---

1. At oral argument the United States Attorney's Office stated that the Secretary was not conceding that plaintiff was entitled to benefits, but only that the Secretary believed that the case should be remanded for the creation of a proper record.

2. Sentence four reads:

   The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

3. Sentence six reads:

   The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

4. *Compare Luna v. U.S. Department of Health and Human Services,* 948 F.2d 169, 171–72 (5th Cir.1991) (holding that jurisdiction is ceded when case is remanded under sentence four) *with Sparling v. Sullivan,* 785 F.Supp. 312, 316 (N.D.N.Y.1992) (holding that the district court may retain jurisdiction when a case is remanded under sentence four).

5. In relevant part the EAJA provides:

   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   28 U.S.C. § 2412(d)(1)(A).

fees would be appropriate because his award would not be pursuant to a final judgment of a court of law. *Melkonyan,* — U.S. at ——, 111 S.Ct. at 2161. Of equal or perhaps greater significance is the fact that, if the remand is ordered pursuant to sentence four—and the Secretary's argument that the court may *not* retain jurisdiction prevails—then the plaintiff loses the protection of the court's "power ... to assure that its prior mandate is effectuated." *Hudson,* 490 U.S. at 886, 109 S.Ct. at 2254.[6] Absent such protection, a plaintiff not receiving prompt and proper treatment on remand would be compelled to file a new action to obtain interim relief and would have to refile if he did not prevail administratively.

In contrast, if the case is remanded under sentence six, the court retains jurisdiction with the attendant benefits to plaintiff, i.e., the continuing supervision of the court without the necessity of the filing of a new action and the potential eligibility for attorney's fees under the EAJA. *Melkonyan,* — U.S. at ——, 111 S.Ct. at 2162 (*Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989) "thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.")

The issue thus becomes whether the result requested by the Secretary, which is "contrary to both common sense and the custom of most district courts," is required by the statute or precedent. *Robertson v. Sullivan,* 925 F.2d 1124, 1125 (8th Cir. 1991). We begin with the statutory language. Sentence six of 42 U.S.C. § 405(g) reads in relevant part:[7]

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary....

Every aspect of this provision has been met here. The Secretary has (a) made a motion, (b) before answer and (c) shown good cause, i.e., stated that the ALJ failed to comply with the treating physician rule of this Circuit, failed to develop the record with respect to plaintiff's residual functional capacity, and failed to identify the evidence relied upon in making his assessment of plaintiff's residual functional capacity. Secretary's Memorandum at 6.

Despite this clear compliance with sentence six and the limited case authority to support its position, *Jordan v. Sullivan,* 785 F.Supp. 47, 48–49 (S.D.N.Y.1992) (Martin, J.), the Secretary attempts to squeeze its remand motion into sentence four. *But see Martinez v. Sullivan,* 91 Civ. 2247 (MJL), 1991 WL 474797 (S.D.N.Y.1991) (remanding under sentence six). For the reasons that follow, it simply does not fit. The language of sentence four and the Supreme Court's opinion in *Melkonyan* make this clear. Sentence four reads:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing.

Sentence four's reference to "pleadings", in contrast to sentence six, presumes that issue has been joined. Consistently, the *Melkonyan* Court recognized that sentence four remands follow a "substantive ruling" by the district court, as opposed to "merely return[ing] the case to the agency for disposition, noting that both parties agreed to

---

**6.** Cases within this Circuit have demonstrated that such continuing oversight has at times been necessary. *See, e.g., Hinton v. Sullivan,* 737 F.Supp. 232, 241–42 (S.D.N.Y.1990) (finding Secretary in contempt for failing to obey remand order).

**7.** Sentence six also provides for remands "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

record in a prior proceeding...." This was the part of sentence six implicated in *Melkonyan.* "Sentence six also authorizes the District Court to remand on motion by the Secretary made before the Secretary has filed a response in the action. That subcategory of sentence six remands is not implicated in [Melkonyan]." *Melkonyan,* — U.S. at —— n. 2, 111 S.Ct. at 2164 n. 2.

this course." —— U.S. at ——, 111 S.Ct. at 2163. This later scenario is the one before us.

Further, the Secretary's suggestion that the district court, when presented with a mutually consented to remand, should nonetheless make a "substantive ruling" so that the Secretary may receive the benefits of a sentence four remand must be rejected. The suggestion either imposes a burden on the district courts to make rulings where none are required [8] contrary to generally accepted principles of jurisprudence or invites the court to accept the Secretary's arguments on their face and silently assist it to "make" a "substantive ruling." Neither course, absent mandate by statute or precedent, is tolerable.

Finally, the Secretary argues that the legislative history to an amendment to § 405(g) enacted in 1980—which eliminated the Secretary's unfettered power to remand social security cases on its own motion by adding the good cause requirement—limits sentence six remands to those resulting from technical, rather than substantive, flaws in the Secretary's administrative hearing. As the Conference Report relied on states, the illustrations of good cause are simply offered as examples. There is no suggestion that those illustrations described as examples are intended to be exclusive. For clarity, we quote the section relied on by the Secretary in the margin.[9]

In conclusion, we reject the Secretary's attempt to reclassify its pre-answer motion to remand as one made under sentence four rather than under sentence six as contrary to both the statute and the control-

ling authority. Accordingly, this case is remanded to the Secretary for further action pursuant to sentence six of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED: June 30, 1992.

---

**8.** In this case, the Secretary's brief would be a wholly inadequate basis for such ruling in any event.

**9.** [T]his provision of the Senate and House bills effective upon enactment. The conferees have been informed that there are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claim-

ant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the resulting delay.
H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59 (1980), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1392, 1407.