Carol SEABORN, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 92 CV 1631 (KMW).

United States District Court, S.D. New York.

May 12, 1993.

**122**

Jill Ann Boskey, of counsel, Wayne G. Hawley, MFY Legal Services, Inc., New York City, for plaintiff.

Lorraine S. Novinski, Asst. U.S. Atty., Roger S. Hayes, U.S. Atty., New York City, for defendant.

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

Plaintiff brings this action to obtain review of a decision by the Secretary of the Department of Health and Human Services that plaintiff was not disabled between October 3, 1988 and July 10, 1990. Defendant moves to remand this case for further administrative proceedings in light of what has become an all too familiar procedural development; defendant now acknowledges after three years of administrative proceedings and forcing the plaintiff to file suit that the Administrative Law Judge ("ALJ") committed errors of law in adjudicating plaintiff's claim for Supple-

mental Security Income ("SSI") benefits.[1] Defendant moves to remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff crossmoves to remand pursuant to sentence six of 42 U.S.C. § 405(g) and on condition that the district court retain jurisdiction over her case during the pendency of the remand proceedings. For the following reasons, plaintiff's motion is granted and defendant's motion is denied.

### I. Procedural History

On October 3, 1988 plaintiff filed an application for SSI benefits based on her claim that her pulmonary, cardiac and joint conditions rendered her permanently disabled and unable to work. Plaintiff's application was denied initially and again denied upon reconsideration. Plaintiff then requested a hearing which was held on November 29, 1989 before an ALJ who conducted a de novo review of the case. The ALJ issued a decision in which he found that plaintiff was not disabled on February 26, 1990. At plaintiff's request the Appeals Council within the Department of Health and Human Services remanded the case to the ALJ on October 25, 1990.

The ALJ conducted a second hearing on March 27, 1991, and, in a decision on May 3, 1991, he found that plaintiff had been disabled since July 10, 1990. On January 7, 1992, the ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for further review. On March 6, 1992, plaintiff commenced this action. On October 16, 1992, the parties cross-motions were fully submitted. To date, defendant has not answered the Complaint.

### II. Purported Errors of Law in ALJ's Decision

Defendant requests a remand "to correct two legal errors in his adjudication of plaintiff's claim." (Def.Mem.Supp. at 5). First, defendant asserts that the ALJ failed to identify the particular medical evidence on

---

1. See, e.g., Tucunango v. Sullivan, 810 F.Supp. 103 (S.D.N.Y.1993); Correa v. Sullivan, 92 Civ. 0408 (LLS), 1992 WL 367116, 1992 U.S.Dist. LEXIS 17757 (S.D.N.Y. Nov. 23, 1992); Fernan-

dez v. Sullivan, 809 F.Supp. 226 (S.D.N.Y.1992); Jordan v. Sullivan, 785 F.Supp. 47 (S.D.N.Y. 1992).

which he relied in making his assessment of plaintiff's residual functional capacity prior to July 10, 1990. This omission contravenes the requirement that the basis of the ALJ's conclusion as to residual functional capacity. *See White v. Secretary of HHS*, 910 F.2d 64, 65 (2d Cir.1990); *Ferraris v. Heckler*, 728 F.2d 582, 586–88 (2d Cir.1984). Stating the basis for such findings is necessary to make meaningful judicial review possible.

Second, defendant claims that the ALJ did not identify the basis for his conclusion that the only effect of plaintiff's bronchial asthma was to preclude work involving exposure to bronchial irritants. (Def.Mem.Supp. at 5). Defendant acknowledges that under *Bapp v. Bowen*, the ALJ should obtain evidence from a vocational expert to assist him in determining whether there are a significant number of jobs that a claimant can perform despite nonexertional impairments. *See Bapp v. Bowen*, 802 F.2d 601, 605–06 (2d Cir.1986).

Despite these two errors, defendant argues that sufficient medical evidence exists to deny plaintiff's claim. (Def.Mem.Supp. at 5). Although defendant does not concede that plaintiff is entitled to SSI benefits prior to July 10, 1990, defendant asks the court to "reverse the Secretary's decision and remand the case for further administrative proceedings" pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 6). Defendant assures the court that on remand almost five years after plaintiff first applied for benefits, the Secretary will obtain the evidence it needs to sustain its burden in denying benefits and will explain its reasoning. (Def.Mem.Supp. at 6).

Because plaintiff consents to remand the case to the Secretary for further administrative proceedings, the sole issue for resolution is whether the remand should be ordered pursuant to sentence four of § 405(g), as defendant requests, or pursuant to sentence six of that subsection, as plaintiff requests.

2. Defendant maintains that a court cannot retain jurisdiction over a case that is remanded pursuant to sentence four because the remand order represents a final judgment. (Def. Reply Mem. at 7, *citing Melkonyan*, — U.S. at —, 111 S.Ct. at 2165). Courts appear to disagree whether a

## III. Statutory Scheme

Sentence four of 42 U.S.C. § 405(g) states:

The court shall have the power **to enter, upon the pleadings and transcript of record, a judgment** affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (1991) (emphasis added). By contrast, sentence six of that subsection states in pertinent part:

The court **may, on motion of the Secretary made for good cause shown before he files is answer, remand the case to the Secretary for further action by the Secretary** ... and the Secretary shall, after the case is remanded, ... modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Id.* (emphasis added).

■ Remands in SSI cases must be specifically classified either under sentence four or sentence six. *See Melkonyan v. Sullivan*, — U.S. —, —, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). The choice between sentence four and sentence six impacts on whether (1) the district court retains jurisdiction over the case until after a determination on remand is made[2] and (2) the plaintiff recovers attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, with respect to the administrative proceedings following the remand. *See Melkonyan*, — U.S. at —, 111 S.Ct. at 2162; *Luna v. United States HHS*, 948 F.2d 169, 171–72 (5th Cir.1991); *Tucunango v. Sullivan*, 810 F.Supp. 103, 104 (S.D.N.Y.1993); *Sparling v. Sullivan*, 785 F.Supp. 312, 316 (N.D.N.Y. 1992); *Jordan v. Sullivan*, 785 F.Supp. 47, 49 (S.D.N.Y.1992).

sentence four remand necessarily divests the district court of jurisdiction. *See Fernandez v. Sullivan*, 809 F.Supp. 226, 228 n. 3 (S.D.N.Y.1992) (citing decisions). This court need not address this question to resolve the present controversy.

## IV. Discussion

█ The court rejects defendant's argument that the court should remand the case pursuant to sentence four of § 405(g). As sentence four has been interpreted by the Supreme Court in *Melkonyan*, there is no basis for a remand of this case under that provision. *See Robertson v. Sullivan*, 925 F.2d 1124, 1125 (8th Cir.1991) (Secretary's position is "contrary to both common sense and the custom of most district courts"). Sentence four is inapplicable here because defendant has not answered the Complaint and the transcript of the November 29, 1989 hearing before the ALJ is not included in the record before this court. Thus, there are no pleadings and only a partial transcript on which the court could enter judgment.[3]

Most importantly, "remands pursuant to sentence four follow a 'substantive ruling' by a district court, instead of 'merely return[ing] the case to the agency for disposition.'" *Fernandez v. Sullivan*, 809 F.Supp. 226, 229 (S.D.N.Y.1992), *quoting Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2163. To reverse the Secretary's decision to deny benefits and remand the case, as defendant requests, the court would have to conduct a plenary review of the entire record and come to the conclusion that reversal and remand of the decision to deny benefits are warranted. *See, e.g., Valente v. Secretary of HHS*, 733 F.2d 1037, 1041 (2d Cir.1984). Defendant asks the court to bypass such a plenary review by relying on the Secretary's representation that the denial decision is inadequately supported. However, where, as here, both parties seek to remand, the court need not assess the merits of plaintiff's claim or defendant's decision to refuse benefits. The court need not even decide whether the ALJ's written decision is flawed for the reasons proffered by defendant. Thus, the court declines defendant's invitation to reverse the Secretary's decision.

The court's conclusion that a sentence four remand is inappropriate under the circumstances of this case is supported by the recent decisions of *Tucunango v. Sullivan*, 810 F.Supp. 103, 105 (S.D.N.Y.1993) (sentence four remand inappropriate where Secretary acknowledges errors of law prior to filing answer); *Correa v. Sullivan*, 92 Civ. 0408 (LLS), 1992 WL 367116, 1992 U.S.Dist. LEXIS 17757 (S.D.N.Y. Nov. 23, 1992) (same); *Fernandez v. Sullivan*, 809 F.Supp. 226, 228–29 (S.D.N.Y.1992) (same). Although one court claims to have made a "substantive ruling" in ruling on cross-motions for remand, *see Jordan v. Sullivan*, 785 F.Supp. 47, 49 (S.D.N.Y.1992), this court is persuaded that the more recent decisions cited above are better reasoned and correctly decided. The court, therefore, denies defendant's motion for a sentence four remand.

█ Plaintiff argues that the case should be remanded pursuant to sentence six. Here, defendant (1) has made a motion for remand for further proceedings, (2) before filing his answer, and (3) has shown good cause. *See Tucunango*, 810 F.Supp. at 105. The first and second requirements of sentence six are met, given the relief requested by defendant and the procedural posture of the case. With respect to the third requirement (good cause), courts in this district and others have found good cause in the Secretary's assertion that errors of law were committed by the ALJ. *See id.* (ALJ failed to comply with the treating physician rule of this circuit and failed to identify evidence on which he relied); *Fernandez*, 809 F.Supp. at 228 ("The improper legal standard applied in assessing the opinion of Fernandez's physician warrants remand of the case and demonstrates good cause."). *See also Cummings v. Sullivan*, 950 F.2d 492, 499 (7th Cir.1991) (error in refusing to consider emotional impairment constitutes good cause for remand); *Savell v. Sullivan*, 1992 WL 363702, at * 1, 1992 U.S.Dist. LEXIS 12822, at * 1 (S.D.Ala. Aug. 14, 1992) (good cause includes determination that decision not supported by sub-

---

**3.** It is defendant who notes that the transcript of the November 29, 1989 hearing is not part of the record before this court. (Def.Mem.Supp. at 2 n. 2). It is also the defendant's obligation to file the transcript as part of the Secretary's answer, which it has not yet filed. (Def. Reply Mem. at

4). Inexplicably, defendant asks the court to remand this case after having entered judgment upon the pleadings and the transcript of record when neither the answer nor the complete transcript is before this court.

stantial evidence); *Rivera Sanchez v. Secretary of HHS,* 786 F.Supp. 147, 149 (D.P.R. 1992) (same). The court agrees that the Secretary's assertion of legal error in the ALJ's decision constitutes good cause to support a remand.

Remanding this case pursuant to sentence six is consistent with the dual goals of meaningful judicial review of the decision to deny benefits and the expeditious, yet fair, adjudication of disability claims. Under the circumstances presented here, these goals are best served by remanding for further administrative proceedings without relinquishing jurisdiction. As plaintiff notes, Congress provided the Secretary with the opportunity to reconsider a benefits denial decision without having to defend her decision by answering the complaint. The Secretary's opportunity to neither admit nor deny error is provided with the understanding that the plaintiff may return to the district court during the remand process to resolve disputes and/or seek interim relief. *See, e.g., Treadwell v. Schweiker,* 698 F.2d 137, 143 (2d Cir.1983); *Hinton v. Sullivan,* 737 F.Supp. 232, 241–42 (S.D.N.Y.1990). The court, therefore, grants plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g).

## V. Conclusion

For the reasons stated above, the court denies defendant's motion to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The court grants plaintiff's cross-motion for a remand pursuant to sentence six of § 405(g). The court retains jurisdiction over this case during the pendency of the remand proceedings. Plaintiff may file an application for attorneys' fees pursuant to the Equal Access to Justice Act if and when plaintiff proves her entitlement to benefits.

SO ORDERED.