Ruben MIJARES, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. CV 93–0175 (CBA).

United States District Court, E.D. New York.

Dec. 21, 1994.

**58**

Herbert M. Feinsod, Ribolow & Feinsod, Brooklyn, NY, Daniel Delson Kuhn, Queens Legal Services Corp., Long Island City, NY, for plaintiff.

Janette A. McCarthy, U.S. Attys. Office, Civ. Div., Brooklyn, NY, for defendant.

*MEMORANDUM & ORDER*

AMON, District Judge.

### I. *Introduction*

Before the Court is defendant's motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) for remand of this case pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff cross-moves for remand pursuant to sentence six of 42 U.S.C. § 405(g). For the reasons discussed below, the Secretary's motion is denied and the plaintiff's cross-motion is granted. This case is remanded to the

Secretary pursuant to sentence six of 42 U.S.C. § 405(g) and this Court retains jurisdiction accordingly.

### II. *Background*

Plaintiff filed an SSI application on May 24, 1991. Plaintiff's application was denied initially and upon reconsideration. On April 8, 1992, a hearing was held before Administrative Law Judge ("ALJ") Fier. The ALJ denied claimant's application in a decision dated June 25, 1992. The Appeals Council denied review on November 13, 1992. Thereafter, plaintiff commenced this action challenging the Secretary's final decision. By stipulation dated July 6, 1993, the parties agreed that the time to answer would be extended to July 30, 1993. To date, no answer has been filed by the Secretary.

In the ensuing months, the parties agreed that the plaintiff was a member of the class involved in *Stieberger v. Sullivan,* 792 F.Supp. 1376, *as modified,* 801 F.Supp. 1079 (S.D.N.Y.1992). The settlement provides *Stieberger* class members with the option of "proceeding with their individual court cases or receiving reopening pursuant to this settlement." *Id.* at 1089. The settlement does not address whether the remand should be made pursuant to sentence four or six and the parties were unable to agree on the appropriate form of the remand. As a result, the Secretary filed a motion on June 10, 1994 for judgment on the pleadings seeking to confirm the ALJ's decision on the grounds that the ALJ's determination was supported by substantial evidence.

During a telephone conference between the parties and the Court on August 3, 1994, it was agreed that the case would be remanded pursuant to the *Stieberger* settlement and that argument would be heard only on whether the remand should be pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). Accordingly, the Secretary made a motion for judgment on the pleadings on the sole grounds that the remand should be pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff cross-moved for remand pursuant to sentence six. In a letter to the Court dated August 30, 1994, the Secretary withdrew her original motion for judgment on the plead-

ings stating that all that was now before the Court was the issue of the form of the remand.

### III. *Discussion*

■ The Supreme Court has held that there are only two types of remands under 42 U.S.C. § 405(g): (1) those pursuant to sentence four[1], and (2) those pursuant to sentence six[2]. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). A sentence four remand order is a final judgment that terminates the district court's jurisdiction while a sentence six remand does not involve the entry of final judgment. Rather, in the case of a sentence six remand, the district court retains jurisdiction to review the agency action and a final judgment is not entered until after the determination upon remand.

In its most recent pronouncement on this issue, the Supreme Court held that remands pursuant to sentence four necessarily involve the district court's entering a final judgment either affirming, reversing, or modifying the decision of the Secretary. *See Shalala v. Schaefer,* — U.S. —, —, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993). The Court held that when a district court remands a case pursuant to sentence four, it may not retain jurisdiction over administrative proceedings on remand. *See id.* at —, 113 S.Ct. at 2630 (failure to terminate a case after a sentence four remand is error).

■ The Secretary argues that remand of this case, pursuant to the *Stieberger* settlement, must be made pursuant to sentence four because the terms of the *Stieberger* settlement require a sentence four remand and because the case does not fall within the specific parameters of a sentence six remand. The Court may order remands pursuant to sentence six in two situations: (1) where the Secretary requests a remand before answering the complaint; or (2) where new, material evidence is adduced that was for good cause not presented before the agency. *See Schaefer, supra,* — U.S. at —, 113 S.Ct. at 2629. Plaintiff contends that a sentence six remand is appropriate in this case because no answer has been filed by the Secretary and no substantive review or ruling has been made.

■ The Court agrees with plaintiff's position and finds that this case is appropriately remanded pursuant to sentence six of § 405(g).[3] In concluding that this case should be remanded pursuant to sentence six, this Court is in agreement with the decision of the district court in *Younger v. Shalala,* 93–CV–2623, 1995 WL 447794 (S.D.N.Y. July 20, 1994), a case involving circumstances similar to this case. In *Younger,* the district court concluded that a sentence six remand was appropriate because the Secretary had not filed an answer and no substantive ruling had been made. Further, the court, in adopting the Magistrate Judge's report and recommendation, also considered the fact that the settlement uses the term "remand" rather than "dismissal" as weighing in favor of a sentence six remand. In addition, the court held that the court's retention of jurisdiction and authority to address situations that may arise in the administrative proceedings was consistent with the purposes and the terms of the *Stieberger* settlement. *See id.*

This Court respectfully disagrees with the decisions of the district judges in the Western District of New York, which are relied

---

1. Sentence four of § 405(g) provides:
   The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

2. Sentence six of § 405(g) provides:
   The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material

and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

3. As one court has noted, in providing for a sentence six remand in cases where the Secretary has not answered, Congress afforded the Secretary the opportunity "to neither admit nor deny error ... with the understanding that the plaintiff may return to the district court during the remand process to resolve disputes and/or seek interim relief." *Seaborn v. Sullivan,* 822 F.Supp. 121, 125 (S.D.N.Y.1993).

**60**

upon by the defendant. *See, e.g., Landon v. Shalala,* 90–CV–1017 (March 11, 1993); *Manuella v. Sullivan,* 92–CV–0430 (March 2, 1993); *Maldonado v. Sullivan,* 91–CV–6412 (January 27, 1993). In particular, to the extent that these decisions seemed to rest in part on the possibility of the court's retaining jurisdiction for purposes of attorney's fee applications, such a compromise solution is no longer possible after the Supreme Court's decision in *Schaefer, supra,* —— U.S. at ——, 113 S.Ct. at 2629 (sentence four remand necessarily involves the entry of final judgment and complete termination of the district court's jurisdiction).

Further, the Court is not persuaded by the Secretary's argument that the language of the *Stieberger* settlement demands remand pursuant to sentence four. Nothing in the language of the settlement itself addresses whether the remand should be made pursuant to sentence four or sentence six. Rather, the settlement merely provides class members with the "option of proceeding with their individual court cases or receiving reopening pursuant to this settlement." *Stieberger, supra,* 801 F.Supp. at 1089. It does not suggest that reopening is contingent upon the district court's entry of final judgment or termination of jurisdiction. In addition, note is made of the fact that the government agreed to substitute the term "remand" for "dismissal" in the "Notice of Availability of Relief Under *Stieberger v. Sullivan*" sent to all *Stieberger* class members. *See id.* at 1101 (Attachment 3, ¶ 3, "dismissal" has since been replaced with "remand").

### IV. Conclusion

The Court finds that this case properly falls within the parameters of a sentence six remand and that such a remand is not inconsistent with the terms of the *Stieberger* settlement. Accordingly, the plaintiff's cross-motion is granted and this case is remanded to the Secretary pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED.