**Cora M. BROOKS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86 C 6034.**

United States District Court, N.D. Illinois, E.D.

April 23, 1987.

Seymour B. Weinstein, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by James P. White, Asst. U.S. Atty., Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

Defendant's motion to remand is granted.

Defendant Secretary seeks to remand this social security claim to an ALJ. The Secretary desires to hold a supplemental hearing in order to take testimony from a vocational expert. This expert will examine plaintiff's employment skills and her ability to perform certain jobs existing in the national economy. Finally, the Secretary would make a new benefits determination after reviewing the new evidence.

Plaintiff argues that 42 U.S.C. § 405(g) prohibits the district court from remanding a claim to the Secretary absent special circumstances. Specifically plaintiff contends that this court may remand a disability case only when the Secretary shows that new material evidence is available and shows good cause for failure to incorporate such evidence into the prior proceedings. In support, plaintiff relies on *Willis v. Secretary of Health and Human Services,* 727 F.2d 551 (6th Cir.1984).

This court rejects plaintiff's contention; The *Willis* court's holding does not support plaintiff's argument. In *Willis,* the claimant was denied benefits by an ALJ. Upon appeal to the district court, the *claimant* attempted to remand the case to the ALJ to consider additional medical evidence not previously offered to the ALJ for consideration. The district court refused to remand the case to the Secretary because the claimant failed to show "good cause" for failure to incorporate that evidence into the prior proceeding. The Sixth Circuit agreed holding "[a]bsent a demonstration of good cause to excuse the failure to incorporate this evidence in the original hearing, we cannot order a remand for the purposes of requiring the Secretary to consider new evidence."

The *Willis* decision is inapplicable to the instant case. The *Willis* court established a "good cause" test for *claimants* to satisfy. Once satisfied, the district court would be allowed to remand the claim and require the Secretary to reconsider the claim in light of the new evidence. If the test is not satisfied, the district court is not authorized to remand the claim. Unlike the *Willis* court, the instant court is confronted by a claimant who wants to avoid the remand and Secretary's reconsideration of the denial of benefits. Instead, the Secretary volunteered to reconsider its earlier decision denying benefits.

This factual distinction is significant. The *Willis* court established a "good cause" test for the claimant to satisfy. The instant court does not interpret the *Willis* decision as requiring a "good cause" test to be applied to the Secretary as well. Claimant cites no case law supporting her

proposition that the Secretary must satisfy the good cause test before a district court can remand a claim. Consequently, this court believes a district court can remand a claim upon its own discretion.

This court's research has revealed that remanding a claim is proper where additional administrative proceedings could remedy past defects. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). Here, additional expert testimony regarding claimant's ability to obtain meaningful employment might be of assistance in resolving plaintiff's claim for benefits.

Accordingly, this court remands the case to the Secretary for a new determination. The Secretary is the appropriate person to make this determination. The Secretary has greater knowledge and expertise in this matter than the district court.