**Dickie GOAD, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–1677.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 29, 1993.

Decided Nov. 3, 1993.

Anthony W. Bartels, Jonesboro, AR, argued, for appellant.

Joyce Shatteen, Dept. of Health and Human Services, Dallas, TX, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Dickie Goad appeals the judgment entered by the magistrate judge[1] upholding the Secretary's decision to deny him social security disability and Supplemental Security Income (SSI) benefits. Upon careful review of the record, we deny Goad's pending motion to remand the matter to the Secretary for consideration of new and material evidence, and we affirm the district court's judgment.

Goad applied for benefits in March 1990, alleging disability as of July 15, 1989, due to heart problems. Following a hearing, the Administrative Law Judge (ALJ) determined that Goad, who was then 39 years of age, suffered from severe impairments of insulin-dependent diabetes and arteriosclerotic heart disease. The ALJ found that Goad could not return to his past relevant work as a carpenter, but determined that Goad retained the residual functional capacity (RFC) to engage

in sedentary work. The ALJ determined that Goad's complaints of disabling angina were not credible to the extent alleged and, applying the Medical–Vocational Guidelines, determined that Goad was not disabled. The Appeals Council denied review after considering additional medical reports. The magistrate judge upheld the Secretary's final decision.

Goad now moves to remand the case to the Secretary for consideration of additional medical evidence. *See* 42 U.S.C. § 405(g). He provides a consultative medical report dated February 23, 1993, which recites Goad's medical history, indicates that Goad takes several medications, including an antidepressant, and lists Goad's functional limitations. Goad also provides a March 1993 mental evaluation indicating that he suffers from major depression. The Secretary resists the motion to remand.

■ The evidence Goad now provides did not exist in July 1991 when the ALJ ruled, and that fact serves as cause sufficient to excuse Goad's failure to include the records in the administrative proceeding. *See Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Under section 405(g), however, the evidence must also be material, and medical evidence meets this requirement "'if it relates to the claimant's condition on or before the date of the ALJ's decision.'" *See id.* (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990)).

■ We agree with the Secretary that the February 1993 medical report establishes at most some deterioration in Goad's overall medical condition approximately twenty months after the ALJ ruled. The psychological evaluation establishes Goad's depressive state in March 1993, also twenty months after the ALJ's decision. We conclude that these two reports "are not closely enough related in time to either the ALJ's decision or the Appeals Council's denial of review to warrant remanding the case for further consideration." *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993).

■ Substantial evidence on the record as a whole supports the Secretary's decision to

---

1. The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

deny benefits. *See Smith,* 987 F.2d at 1373. We reject Goad's argument that the ALJ failed to give proper weight to Dr. James Robinette's opinion as a treating physician. The ALJ correctly noted that opinions of treating physicians are normally entitled to greater weight, *see Thomas,* 928 F.2d at 259, and appropriately determined that Dr. Robinette was not Goad's primary cardiac physician. Dr. Robinette did not provide detailed medical notes or clinical findings; he reported that Goad had returned to work and was having pain only on heavy exertion, yet he stated that Goad could not return to construction work, the job for which he was trained; and he provided no basis for his conclusory statement that Goad was "totally disabled." Thus, his opinion was not entitled to greater weight. *See id.* Dr. Michael Isaacson, Goad's cardiac physician, did not state that Goad was disabled, and Dr. Charles Munn, Goad's consultant, thought that Goad could do work of some kind.

■ Substantial evidence supports the ALJ's finding that Goad retained the RFC to engage in sedentary work. Goad testified at the hearing that he believed he could do a desk job or assembly work. He testified he could sit, walk, squat, kneel, climb a ladder, raise his arms above his head, and push and pull a five-pound weight. This capability, confirmed by the extent of his daily activities, is consistent with the demands of sedentary work. *See* 20 C.F.R. § 404.1567(a). Although Goad argues he cannot engage in daily work in competitive and stressful environments, *see Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir.1989), we note that he reported to Dr. Robinette that he returned to construction work in 1990, and he stated at the 1991 hearing that he felt he could do some kind of sedentary work.

■ We also reject Goad's argument that the ALJ improperly discredited his complaints of pain and fatigue. The ALJ conducted a proper analysis under *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted), found that Goad's testimony was essentially credible, and determined that only his complaints of disabling pain and fatigue were not credible to the extent alleged. We have carefully reviewed the record, and we conclude that this finding is supported by substantial evidence on the record as a whole.

Finally, we conclude that the ALJ properly relied on the Medical–Vocational Guidelines to find that Goad is not disabled. Substantial evidence supports the ALJ's determination that Goad's nonexertional impairments did not affect his RFC to engage in the full range of sedentary work. *See Thompson v. Bowen,* 850 F.2d 346, 349–50 (8th Cir.1988).

Accordingly, we deny the pending motion to remand, and we affirm the judgment.