Robert HANSON, Plaintiff,

v.

Shirley S. CHATER, Commissioner
of Social Security, Defendant.

No. C 94–4113.

United States District Court,
N.D. Iowa,
Western Division.

Aug. 11, 1995.

Willis J. Hamilton of Hamilton Law Firm, P.C., Storm Lake, IA, for plaintiff Robert W. Hanson.

Donna K. Webb, Assistant United States Attorney, Sioux City, IA, for defendant Shirley S. Chater, Commissioner of Social Security.

## ORDER REGARDING DEFENDANT'S MOTION TO REMAND

BENNETT, District Judge.

■ This motion to remand requires the court to examine the parameters of the district court's authority to remand a social security disability case under 42 U.S.C. § 405(g). The plaintiff commenced this action to obtain judicial review of a decision by the Commissioner of Social Security ("Commissioner").[1] After filing an answer to the plaintiff's complaint, the defendant Commissioner moved to remand this case for additional proceedings before an Administrative Law Judge ("ALJ") pursuant to sentence four of 42 U.S.C. § 405(g). Although the plaintiff has consented to remand this case for further proceedings, the court must first resolve the issue of whether such a remand is permissible under this statutory scheme. Furthermore, even though the defendant has requested this motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) and the plaintiff has consented to this request, the court cannot be bound by the parties' determination of the appropriate statutory provision. Remands in social security disability cases must be specifically classified under either "sentence four" or "sentence six" of

---

1. The function of the Secretary of Health and Human Services in social security cases has been transferred to the Commissioner of Social Security effective March 31, 1995, pursuant to § 6 of the Social Security Independence and Program Improvements Act of 1994. In accordance with this section, the court has substituted Shirley S. Chater, Commissioner of Social Security, for Donna E. Shalala, Secretary of Health and Human Services, as defendant in this case.

the remand statute pertaining to the judicial review of social security disability cases. The choice between a sentence four remand and a sentence six remand determines whether the district court retains jurisdiction over the case until after a determination on remand is made; therefore, it is imperative that the court conduct an independent evaluation of the case to ascertain whether it has the authority pursuant to the remand statute to grant the remand upon which the parties have agreed.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Robert W. Hanson filed an application for disability insurance benefits on November 4, 1992, based on his claim that pain and limitations resulting from a back impairment and asthma had rendered him permanently disabled and unable to work.[2] (Tr. 222–29). Hanson's application was denied initially on January 28, 1993, (Tr. 157–58), and upon reconsideration on July 7, 1993. (Tr. 172–73). Hanson subsequently requested a hearing, which was held on February 1, 1994 before ALJ Virgil E. Vail. (Tr. 35). After consideration of the evidence and the testimony of record, the ALJ issued a decision, ruling that Hanson was not disabled as of May 7, 1990, as alleged, or at any time through May 5, 1994, the date of the ALJ's decision. (Tr. 13–27). On July 6, 1994, Hanson requested a review of the ALJ's decision from the Appeals Council within the Department of Health and Human Services. (Tr. 5–6). The Appeals Council denied Hanson's request for further review on October 5, 1994, and the ALJ's decision became the final decision of the Commissioner in Hanson's case. (Tr. 3–4).

On December 2, 1994, Hanson commenced this action to obtain judicial review of the decision by the Commissioner, alleging the ALJ committed errors of law and the ALJ's action, findings, and conclusions were not supported by substantial evidence. Complaint ¶ 6. Hanson further claimed there was substantial evidence that he is disabled and entitled to "disability insurance benefits within the meaning of sections 216(i) and 223 of the Social Security Act, as amended." Complaint ¶ 7. On February 2, 1995, the Commissioner moved for a sixty-day extension in which to file an answer to Hanson's complaint in order to prepare the necessary materials to support an answer. This motion was granted, and the Commissioner subsequently filed an answer to Hanson's complaint on April 12, 1995, denying Hanson's allegations of errors of law and claiming the findings of fact of the Commissioner are conclusive and supported by substantial evidence. Answer ¶ 3. The Commissioner filed a certified copy of the transcript of the record to accompany the Commissioner's answer on April 13, 1995.

On May 25, 1995, the Commissioner requested a remand under sentence four of 42 U.S.C. § 405(g) after the Commissioner's counsel asked the Appeals Council to reconsider the case. (Def.'s Mem.Supp.Mot. to Remand at 1). Upon review, the Appeals Council determined that a remand for additional administrative proceedings would be the appropriate course of action. The Commissioner cited several reasons for her request for remand, including further consideration of Hanson's mental status, further evaluation of Hanson's functional abilities in order to make a proper residual functional capacity determination, and the acquisition of additional credentials from Dr. R.A. Shaketer, a consulting physician. (Def.'s Mem. Supp.Mot. to Remand at 1). On May 30, 1995, apparently before Hanson had received a copy of the Commissioner's motion to remand, Hanson moved to dismiss this case after he had an opportunity to fully review the record, discuss the merits of his claim with his counsel, and consider other factors with respect to the maintenance of his appeal. (Pl.'s Mot. to Dismiss ¶ 1).

Based on the proofs of service, the court concluded these two motions crossed in the

---

2. Hanson had previously filed an application for disability insurance benefits on May 16, 1991, which was denied initially on July 6, 1991, (Tr. 86–88), and upon reconsideration on August 27, 1991. (Tr. 101–03). Hanson did not seek further appeal from this previous denial for benefits; however, Hanson later filed a second application which is the subject matter of the appeal presently before the court.

mail, and Hanson filed his motion to dismiss before receiving and considering the Commissioner's motion to remand. As a result, the court ordered Hanson to file a status report indicating whether he wanted the court to grant Hanson's motion to dismiss or grant the Secretary's motion to remand or grant some alternative relief. On July 3, 1995, Hanson filed a status report with the court, withdrawing his motion to dismiss and consenting to the Commissioner's motion to remand this action for further administrative proceedings. The court turns first to the statutory requirements for a remand under 42 U.S.C. § 405(g) and then to the disposition of the Commissioner's motion to remand.

## II. LEGAL ANALYSIS

### A. Statutory Requirements For Remand Under 42 U.S.C. § 405(g) [3]

■ The Commissioner has requested a remand of this case pursuant to 42 U.S.C. § 405(g), and Hanson has consented to this remand. Nonetheless, the court must adhere to the requirements of the statutory scheme under 42 U.S.C. § 405(g) and independently determine whether such a remand is appropriate in these circumstances. In cases reviewing final agency decisions regarding Social Security benefits, the exclusive methods by which a district court may

remand a case to the Commissioner are set forth in sentence four [4] and sentence six [5] of 42 U.S.C. § 405(g). *Shalala v. Schaefer,* —— U.S. ——, ——, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993) (citing *Melkonyan v. Sullivan,* 501 U.S. 89, 99–100, 111 S.Ct. 2157, 2163–64, 115 L.Ed.2d 78 (1991)). Although the Supreme Court had previously identified two kinds of possible remands under 42 U.S.C. § 405(g), the Court in *Melkonyan* explicitly stated these two sentences described the only kinds of remands allowed under the statute. *Melkonyan,* 501 U.S. at 99, 111 S.Ct. at 2163.[6] Upon examining the legislative history of 42 U.S.C. § 405(g) and Congress' explicit delineation in the statute regarding the circumstances under which remands are authorized, the Court concluded Congress intended to limit the district courts' authority to enter remand orders to these two types of remands. *Id.* at 100, 111 S.Ct. at 2164.

■ As provided in sentence four of 42 U.S.C. § 405(g), "a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision." *Id.* at 99–100, 111 S.Ct. at 2164; *see also Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir.1991). The Court acknowledged this type of remand occurs when the district court makes a substantive ruling regarding the case, rather than merely returning the

**3.** This statutory provision addresses the standards of judicial review of a final decision of the Commissioner regarding an application for disability insurance benefits made after a hearing to which she was a party. Sentences four and six of this statute establish the requirements for a remand of a case to the Commissioner. Because the only issue in this case involves a motion to remand pursuant to this statute, the court will primarily be examining sentence four and sentence six of 42 U.S.C. § 405(g).

**4.** Pursuant to sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g) (West 1991 & Supp.1995).

**5.** In contrast, sentence six of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for

further action by the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming is based. 42 U.S.C. § 405(g) (West 1991 & Supp.1995).

**6.** Before *Melkonyan,* the Court had merely analyzed 42 U.S.C. § 405(g) sentence by sentence, indicating that sentence four and sentence six were two possible methods of remanding a case for further administrative proceedings, as opposed to identifying them as the exclusive methods of remanding a social security disability benefits case. *See Sullivan v. Finkelstein,* 496 U.S. 617, 623–29, 110 S.Ct. 2658, 2662–63, 110 L.Ed.2d 563 (1990).

case to the agency for disposition. *Melkonyan*, 501 U.S. at 98, 111 S.Ct. at 2163. To remand under sentence four, the district court must conduct a plenary review of the entire record and make a judgment either affirming, modifying, or reversing the Commissioner's decision to deny benefits. *Seaborn v. Sullivan*, 822 F.Supp. 121, 124 (S.D.N.Y.1993). Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g). Furthermore, because the court must issue a judgment or substantive ruling if it is to remand a case pursuant to sentence four, the court may not retain jurisdiction over the administrative proceedings on remand. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2630.

On the other hand, the sixth sentence of 42 U.S.C. § 405(g) "describes an entirely different kind of remand." *Melkonyan*, 501 U.S. at 98, 111 S.Ct. at 2163 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990)). The Supreme Court described the circumstances surrounding this type of remand as follows:

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

*Melkonyan*, 501 U.S. at 98, 111 S.Ct. at 2163 (quoting 42 U.S.C. § 405(g) ); *see also Travis v. Sullivan*, 985 F.2d 919, 923–24 (7th Cir.1993) (remanding case on plaintiff's motion for the taking of additional medical evidence); *cf. Labrie v. Secretary of HHS*, 976 F.2d 779, 782 (1st Cir.1992) (recognizing the retention of jurisdiction at the district court level in sentence six remands). Under a sentence six remand, the district court does retain jurisdiction until the postremand proceedings are completed and the Commissioner has filed the results with the district court.[7] *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2629.

> In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable.... In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Id.* at ——, 113 S.Ct. at 2629 (quoting *Melkonyan*, 501 U.S. at 102, 111 S.Ct. at 2165).

Because of the difference in timing of final judgment in these two types of remands, parties seeking an award of fees and expenses pursuant to this statute must be aware what type of remand has been issued in their case. For example, if the district court issues a remand pursuant to sentence four, a party must apply for fees and expenses within 30 days after the district court issues its judgment accompanying the remand and the appeal period has run. Yet, if the district court issues a remand pursuant to sentence six, a party does not have to file immediately after the remand and the appeal period because a final judgment has yet to be issued by the district court.

---

7. The Court in *Schaefer* stated the "immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2629 (citing *Melkonyan*, 501 U.S. at 102, 111 S.Ct. at 2165). The difference in the timing of a final judgment under sentence four and sentence six of 42 U.S.C. § 405(g) is particularly significant because of the statutory time limit in which a party may apply for recovery of fees and other expenses in conjunction with a social security benefits case. *Id.* —— U.S. at ———– ——, 113 S.Ct. at 2628–29; *see also* 28 U.S.C. § 2412(d)(1)(B) (West 1994). Under 28 U.S.C. § 2412(d)(1)(B), "a party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...." *See Schaefer*, —— U.S. at ——, 113 S.Ct. at 2628 (quoting 28 U.S.C. § 2412(d)(1)(B)). The Court specifically articulated the effect of this statute on the two types of remands as follows:

In addition, the Supreme Court opined that "Congress made it unmistakably clear that it intended to limit the power of district courts to order remands for 'new evidence' in Social Security cases." *Id.* 501 U.S. at 100, 111 S.Ct. at 2164 (quoting Pub.L. No. 96–265, § 307, 94 Stat. 458). Examining the Senate Report accompanying the 1980 amendment to the sixth sentence of 42 U.S.C. § 405(g), the Court acknowledged Congress' frustration with the growing number of district court remands to the administrative level without cause and its recognition of the negative effect this remand scheme was having on the expediency and efficiency of the appeal process. *Id.* at 101, 111 S.Ct. at 2164 (citing 125 Cong.Rec. 23383 (1979) ).

Although this amendment to sentence six did not limit a district court's ability to remand under sentence four of 42 U.S.C. § 405(g), it is nonetheless evident that Congress intended to place limitations on the district court's authority to remand in disability benefits cases. The Court in *Melkonyan* recognized "while normally courts have inherent power, among other things, to remand cases, *see United States v. Jones,* 336 U.S. 641, 671, 69 S.Ct. 787, 803, 93 L.Ed. 938 (1949), both the structure of § 405(g), as amended, and the accompanying legislative history show Congress' clear intent to limit courts to two kinds of remands in these cases." *Id.* 501 U.S. at 101, 111 S.Ct. at 2164–65; *cf. Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–46, 111 S.Ct. 2123, 2132–34, 115 L.Ed.2d 27 (1991) (finding no congressional intent to limit a federal court's inherent power to impose attorney's fees as a sanction for conduct which abuses the judicial process). In accordance with the Supreme Court's interpretation of 42 U.S.C. § 405(g) and the

statute's legislative history, the court proceeds to the task of determining whether the Commissioner's motion to remand fits within the statutory descriptions in either sentence four or sentence six of the statute.

### B. Classification Of The Commissioner's Remand

#### 1. Sentence four remand

■ The court rejects the Commissioner's claim that the court should remand this case pursuant to sentence four of 42 U.S.C. § 405(g). In consideration of the Supreme Court's interpretation of sentence four in *Melkonyan,* a remand under this sentence would be impermissible. "Remands pursuant to sentence four follow a substantive ruling by a district court, instead of merely returning the case to the agency for disposition." *Seaborn,* 822 F.Supp. at 124; *see also Fernandez v. Sullivan,* 809 F.Supp. 226, 229 (S.D.N.Y.1992) (quoting *Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163). To remand this case, the court would have to conduct a plenary review of the record and come to the conclusion that remand of the decision to deny benefits is warranted. *Seaborn,* 822 F.Supp. at 124. In order to remand based on the Commissioner's representation alone that further administrative proceedings are necessary to determine whether Hanson's application for disability benefits should be granted, the court would have to bypass such a plenary review. In addition, forcing the district court to issue a substantive ruling on the merits where both parties agree to the remand would impose a "burden on the district courts to make rulings where none are required contrary to generally accepted principles of jurisprudence," or in the alternative, invite the court to silently assist the Commis-

A problem ensues, however, when the district court does not indicate which type of remand it has granted in a case, and the claimant has not applied for fees and expenses within the time allotted for a sentence four remand. In this situation, typically the Commissioner will likely argue the district court issued a sentence four remand, thereby triggering the 30–day filing period immediately after the remand and the appeal period. On the other hand, the claimant will typically argue the district court issued a sentence six remand, thereby postponing and delaying the onset of the 30–day filing period

until after the postremand process has been completed. This scenario has been the subject of much of the litigation involving these statutory remands; therefore, it is imperative that a district court specifically classify which sentence or type of remand under 42 U.S.C. § 405(g) it is applying. For decisions illustrating this heavily litigated dilemma, *see Schaefer,* —— U.S. at —— ——, 113 S.Ct. at 2628–30; *see also Melkonyan,* 501 U.S. at 97–103, 111 S.Ct. at 2162–66; *Spurlock v. Sullivan,* 783 F.Supp. 474, 476–77 (N.D.Cal.1992); *Tucunango v. Sullivan,* 810 F.Supp. 103, 106–07 (S.D.N.Y.1993); *Seaborn,* 822 F.Supp. at 123–25.

sioner in making a substantive ruling. *Tucunango v. Sullivan*, 810 F.Supp. 103, 108 (S.D.N.Y.1993) (remand under sentence four is inappropriate where the Commissioner seeks remand to correct errors of law); *see also Seaborn*, 822 F.Supp. at 125; *Correa v. Sullivan*, No. 92 Civ. 0408 (LLS), 1992 WL 367116, at *3 (S.D.N.Y. Nov. 24, 1992) (no remand under sentence four where the court is not conducting an independent review of the record, but rather is only accepting the Commissioner's assertion in his moving affidavit that he may have erred). *But see Jordan v. Sullivan*, 785 F.Supp. 47, 48–49 (S.D.N.Y.1992) (remand appropriate under sentence four where Commissioner admits legal error); *Nguyen v. Sec. of HHS*, No. CV–F–90–309–DLB, 1992 WL 184220, at *3 (E.D.Cal. Apr. 17, 1992) (same); *Spurlock v. Sullivan*, 783 F.Supp. 474, 478 (N.D.Cal. 1992) ("the stipulated remand, in which the parties agreed that further evidence is necessary to fully determine the merits of plaintiff's application, raises the inference that the previous evidentiary proceedings were materially deficient"). Here, where both parties have agreed to remand the case for further administrative proceedings, the court has no need to evaluate the merits of Hanson's claim or the correctness of the Commissioner's decision to refuse Hanson's application for benefits. Therefore, the court cannot grant defendant's request for a remand pursuant to sentence four of 42 U.S.C. § 405(g) on the grounds that a remand under this sentence would require the issuance of a judgment when no substantive ruling is necessary at this point in time.

### 2. Sentence six remand

■ Because sentence four and sentence six of 42 U.S.C. § 405(g) are the exclusive methods of remand of social security disabili-

ty cases and sentence four is inapplicable to this case, this remand must fit the description of a sentence six remand to enable the court to grant the parties' request for remand for further administrative proceedings. Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint (clause one of sentence six), or where new, material evidence is adduced that was for good cause not presented before the agency (clause two). *Schaefer*, —— U.S. at —— n. 2, 113 S.Ct. at 2629 n. 2; *see also* 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 100, 111 S.Ct. at 2164 (limiting the good cause showing of new, material evidence to the claimant); *Finkelstein*, 496 U.S. at 626, 110 S.Ct. at 2664 (1990). Clause one is not implicated in this case because the Commissioner requested a remand of this case after she filed her answer to Hanson's complaint;[8] therefore, the court will restrict its analysis to whether this case meets the requirements of a sentence six, clause two remand.

■ The express language of sentence six, clause two provides that the court may "at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g). In clause one of sentence six, the statutory language refers to the district court's authority to remand "on the motion of the Secretary made for good cause shown before he files his answer...." 42 U.S.C. § 405(g). However, clause two of sentence six is silent regarding whether only the claimant must show good cause for previously failing to incorporate such evidence into the record, or whether the

---

8. However, at least one court has interpreted the Commissioner's post-answer motion to remand to fit under clause one where the Commissioner filed its motion to remand after its answer but before any dispositive motions were filed and where the Commissioner articulated no "good cause" for the remand. *See Long v. Shalala*, Civ.A. No. 88–2582–DES, 1993 WL 393782, at *2–3 (D.Kan. Sept. 28, 1993) (Commissioner's failure to file its motion to remand prior to filing its answer should not pose a "legal impediment to characterizing the motion to remand as a

sentence six, clause one remand order," particularly where both parties to the appeal consented to the remand). Although Hanson has consented to the Commissioner's motion to remand, other courts have been reluctant to extend sentence six, clause one to include post-answer motions to remand, instead analyzing these motions under sentence six, clause two of 42 U.S.C. § 405(g). *See Melkonyan*, 501 U.S. at 100 n. 2, 111 S.Ct. at 2164 n. 2; *see also Formica v. Shalala*, Civ. No. 2:92CV00084(AHN), 1994 WL 414299, at *2 (D.Conn. Apr. 7, 1994).

Commissioner must also proffer new, material evidence that was for good cause not introduced at prior administrative proceedings. *Id.* As a result of this ambiguity, courts have rendered inconsistent decisions regarding the application of sentence six, clause two of the statute. In *Melkonyan*, the Supreme Court held the district court may remand in light of additional evidence, but only if the claimant shows good cause for failing to present the evidence earlier. *Melkonyan*, 501 U.S. at 100, 111 S.Ct. at 2164. In addition, prior to *Melkonyan*, one district court restricted the "good cause" test within sentence six, clause two to claimants. *See Brooks v. Bowen*, 657 F.Supp. 775, 775–76 (N.D.Ill.1987) (refusing to extend the "good cause" test to the Commissioner's motion to remand in light of the Commissioner's voluntary reconsideration of an earlier decision denying benefits); *see also Naylor v. Sullivan*, No. 88–C–7412, 1989 WL 58262, at *3 (N.D.Ill. May 31, 1989) (citing *Brooks*, 657 F.Supp. at 776, for the proposition that a district court may remand a case upon the Commissioner's motion where additional administrative proceedings may remedy past defects).[9]

Other courts, however, have neglected to restrict the "good cause" test to claimants alone, opting instead to apply the "good cause" test to both the claimant and the Commissioner. *See Schaefer*, —— U.S. at ——, 113 S.Ct. at 2629 (construing the statutory language as allowing a remand "where new, material evidence is adduced that was for good cause not presented before the agency"); *see also Formica*, Civ. No.

2:92CV00084(AHN), 1994 WL 414299, at *2 (denying the Commissioner's motion to remand where the plaintiff has not consented to remand and where the Commissioner failed to introduce new and material evidence and show good cause why the evidence was not introduced at the prior administrative proceeding); *Hodges v. Secretary of HHS*, No. 87–CV–625, 1989 WL 281926, at *5 n. 3 (N.D.N.Y. Nov. 15, 1989) (denying remand where the Commissioner failed to show the existence of new, material evidence and good cause for failure to obtain such evidence for the record); *Rivera Sanchez v. Secretary of HHS*, 786 F.Supp. 147, 149 (D.P.R.1992) (finding Commissioner's motion to remand presented good cause for remand where the ALJ needed to "further develop the evidence regarding plaintiff's back disorder, psychiatric condition and mental residual functional capacity, as well as further develop the vocational evidence as necessary"); *Spurlock*, 783 F.Supp. at 478 (requiring Commissioner to show good cause for failing to consider new evidence in the prior proceedings). Rather, these courts have required both parties to prove the existence of new, material evidence that for good cause was not introduced into evidence in the prior administrative proceeding.

▮▮▮▮ In the Eighth Circuit, the court has primarily invoked the sentence six, clause two "good cause test" where the claimant has moved for a remand, requiring a showing of good cause for failing to incorporate new and material evidence in the prior administrative proceeding.[10] *See Hinchey*

---

9. Although the court in *Naylor* cited *Brooks v. Bowen*, the court was silent in regards to which sentence of 42 U.S.C. § 405(g) was the basis for remand of the case. Whereas in *Brooks* where the court merely issued a remand of the case to the Commissioner for further consideration, the court in *Naylor* reversed and remanded the case to the Commissioner, implicating the distinguishing characteristic of a sentence four remand, a substantive ruling. *Naylor*, No. 88–C–7412, 1989 WL 58262, at *3. This lack of precision in identifying the proper type of remand can be attributed to the fact that these two decisions were decided before *Finkelstein* (a 1990 decision) and *Melkonyan* (a 1991 decision), in which the Supreme Court classified the two types of remands under 42 U.S.C. § 405(g) and later estab-

lished the exclusivity of these remands in social security disability benefits cases, respectively.

10. Although the court has used this sentence six, clause two test in social security disability cases, the test has primarily been used in cases where the court has issued a substantive ruling on the case in addition to considering the requested remand. *See generally Hinchey*, 29 F.3d 428, 433 (8th Cir.1994) (district court affirmed the ALJ's decision); *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir.1993) (same); *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993) (same); *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir.1993) (same). Nonetheless, the definitions of "new" and "material" evidence and "good cause" should still apply to this case because sentence six, clause two does not specifically exclude so-

*v. Shalala,* 29 F.3d 428, 432 (8th Cir.1994); *see also Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir.1993) (quoting 42 U.S.C. § 405(g)). The court has held that in order to be material, "new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which the benefits were denied and there must be a reasonable likelihood that it would have changed the Secretary's determination." *Hinchey,* 29 F.3d at 432–33 (quoting *Woolf,* 3 F.3d at 1215). In addition, material evidence must relate to the claimant's condition on or before the date of the ALJ's decision. *Goad v. Shalala,* 7 F.3d 1397, 1398 (8th Cir.1993). Good cause for the failure to present the evidence previously may be shown by the fact that the evidence in question did not exist previously. *Id.*

Whether the Commissioner is required to show good cause for failure to present new and material evidence previously pursuant to sentence six, clause two, where no substantive ruling is made to accompany the remand is a question that appears to be unanswered in the Eighth Circuit; however, even if the Commissioner must show "good cause" in order to obtain a remand, the court concludes that good cause exists to remand this case for prior administrative proceedings. In the Commissioner's Memorandum Supporting her Motion to Remand, the Commissioner cited the following reasons for seeking a remand of this case: to further consider Hanson's medical status, to further evaluate Hanson's functional abilities in order to make a proper residual functional capacity determination, and to acquire additional credentials from Dr. R.A. Shaketer, a consulting physician in Hanson's case. Sentence six, clause two requires a showing of new, material evidence which for good cause was not introduced at the prior administrative proceeding. *See* 42 U.S.C. § 405(g). Applying the Eighth Circuit's interpretation of these terms, the Commissioner has not specifically articulated that the further consideration and evaluation of Hanson's medical status and functional abilities and the acquisition of a consulting physician's credentials are based

on new and material evidence. However, the court can infer that the Commissioner believes that additional evidence exists that is "non-cumulative, relevant, and probative of claimant's condition for the time period for which the benefits were denied," and that a reasonable likelihood exists that further consideration and evaluation of Hanson's case would have changed the Commissioner's determination. *See Hinchey,* 29 F.3d at 432–33; *Woolf,* 3 F.3d at 1215. Because the Commissioner has asked to take a second look at Hanson's medical status and his functional abilities and to acquire additional credentials of one of Hanson's physicians, the court assumes that the purpose of this request is to incorporate new and material evidence into the record that was not introduced at the prior administrative proceeding. Even though the Commissioner did not specifically allege that the evidence she sought to develop was "new" and "material," the reasons the Commissioner proffered in her Memorandum lead the court to conclude that this request for remand must be based on the existence of new and material evidence that did not exist at the time of the prior administrative proceedings and that such evidence would have altered the Commissioner's decision in the case.

Regarding the issue of whether the Commissioner has shown "good cause" for failing to introduce this additional evidence at the prior proceeding, the Commissioner has offered no explanation for why this evidence was not introduced, developed, or considered in the original administrative proceedings, much less "good cause" for failing to introduce such evidence. The Commissioner has not indicated that this evidence did not exist previously or that it was otherwise unavailable for prior consideration. However, because Hanson has agreed to remand this case for further administrative proceedings and because it appears the Commissioner and the Appeals Council believe that further consideration of Hanson's case is warranted, the court will interpret the parties' agreement to remand and the showing of new and material evidence as sufficient showing of "good

___

cial security disability cases in which a ruling accompanies a remand, as opposed to sentence four which requires a substantive ruling to ac-

company a remand. *See* 42 U.S.C. § 405(g); *see also Melkonyan,* 501 U.S. at 97–103, 111 S.Ct. at 2162–66.

cause." Here, the parties are in agreement that further consideration of evidence, that for good cause was not previously considered or introduced in the prior proceedings, is necessary for the fair and complete adjudication of Hanson's case. This interpretation is a variance from the strict showing of good cause mandated by the statutory scheme of 42 U.S.C. § 405(g), sentence six, clause two; however, where the Secretary has voluntarily sought to reconsider Hanson's application for disability benefits and Hanson has agreed to a remand, these circumstances suffice to meet the requirements under the statute. Furthermore, before Hanson was aware of the Commissioner's desire to remand his case for further consideration, he moved to dismiss his appeal in this court. Considering that Hanson at one point voluntarily moved to dismiss his claim altogether, he would not be prejudiced by remanding this case for further proceedings at the administrative level. Therefore, based on the reasons the Commissioner offered for remanding this case and on Hanson's acquiescence in the Commissioner's request for remand, the court concludes it has the authority to remand this case under sentence six, clause two of 42 U.S.C. § 405(g). In accordance with this type of remand, the court will retain jurisdiction over this case until the postremand proceedings are completed and the Commissioner has filed with the court any such additional findings and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

### III.  CONCLUSION

Although the court is granting the remand to which both parties have agreed, the court cannot grant this remand pursuant to sentence four of 42 U.S.C. § 405(g) as the Commissioner has requested. Under sentence four, this court would have to conduct a plenary review of the record and enter a judgment based on such a review. The court views such substantive action as premature, particularly where both parties are in agreement that further consideration and development of evidence is warranted for a fair and complete disposition of this matter. Therefore, where both parties have agreed to remand the case for further administrative proceedings, the court has no present need to evaluate the merits of Hanson's claim or the Commissioner's decision as required by sentence four of 42 U.S.C. § 405(g).

The court, however, concludes that a remand pursuant to sentence six, clause two of 42 U.S.C. § 405(g) is appropriate. The Commissioner has alleged sufficient reasons to indicate the existence of new and material evidence pertinent to Hanson's condition on or before the date of the ALJ's decision. Because the court interprets Hanson's consent as an agreement that the Commissioner had good cause for failing to develop this evidence in the prior administrative proceedings, the court determines the Commissioner has made a sufficient showing that remand is the proper course of action to take pursuant to sentence six, clause two of 42 U.S.C. § 405(g). Because the court has classified this remand as a sentence six remand, the court will retain jurisdiction in this matter until the postremand proceedings are completed and the Commissioner has filed the results of such proceedings with this court in compliance with the statutory requirements set forth in 42 U.S.C. § 405(g).

The motion for remand is granted, and the court will retain jurisdiction and reserve final judgment until the parties have complied with the statutory postremand requirements of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**