James N. BURKETT, Plaintiff,

v.

John J. CALLAHAN, Ph.D.,[1] Acting
Commissioner of Social Security,
Defendant.

No. CIV.A. 96–4229–DES.

United States District Court,
D. Kansas.

Sept. 23, 1997.

Steven Tilton, Tilton & Tilton LLP, Tope-ka, KS, for Plaintiff.

D. Brad Bailey, Asst. U.S. Atty., Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

### I. INTRODUCTION

This matter is before the court on plain-tiff's motion seeking reversal of the Social Security Commissioner's denial of disability insurance benefits under Title II of the So-cial Security Act, 42 U.S.C. §§ 401 *et seq.* (Doc. 4).

### II. PROCEDURAL BACKGROUND

On August 19, 1994, plaintiff filed an appli-cation for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C.

1. President Clinton appointed John J. Callahan, Ph.D., to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan, Ph.D., should be substituted for Shirley S. Chater as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

§§ 401 *et seq.* His application was initially denied and was denied again on reconsideration. Plaintiff requested an administrative hearing. On January 9, 1996, the administrative hearing was held before an administrative law judge (ALJ). On February 16, 1996, the ALJ rendered a decision in which he found that Mr. Burkett was not under a "disability" as defined in the Act.

Mr. Burkett requested a review of that decision by the Appeals Council, and he submitted additional medical evidence to the Appeals Council, which was made part of the record. On November 7, 1996, the Appeals Council denied his request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## III. FACTUAL BACKGROUND

Mr. Burkett was born on October 4, 1952. Plaintiff is a high school graduate with no trade or vocational training. He had military service in the Reserves. Mr. Burkett worked at Goodyear Tire and Rubber Company from 1971 until March of 1994.

Mr. Burkett has been divorced twice, and has lived with his girlfriend for three years. He has a seventeen year old son who lives outside his home. His present source of income is his disability retirement from Goodyear Tire and Rubber Company of approximately $1,300 per month.

Other facts relevant to plaintiff's medical history will be recited in the discussion below.

## IV. STANDARD OF REVIEW

Title 42, § 405(g) of the United States Code provides for judicial review of a final decision of the Commissioner of the Social Security Administration (SSA). The reviewing court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is adequate, relevant evidence that a reasonable mind might accept to support a conclusion. *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir.1991). "Evidence is insubstantial if it is overwhelmingly contra-

dicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.1994) (citation omitted). "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir.1992) (citations omitted). The reviewing court must also determine whether the Commissioner applied the correct legal standards. *Washington*, 37 F.3d at 1439. Reversal is appropriate not only for lack of substantial evidence, but also for cases where the Commissioner uses the wrong legal standards. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994).

## V. COMMISSIONER'S DECISION

In the ALJ's February 16, 1996, decision, the ALJ made the following findings:

1. Claimant met the disability insured status requirements of the Act on March 25, 1994, the date claimant stated he became unable to work, and continues to meet them through the date of this decision.

2. Claimant has not engaged in substantial gainful activity since March 25, 1994.

3. The medical evidence establishes that claimant has amyotrophic lateral sclerosis [ALS]. Nevertheless, he does not have impairments, considered singularly or in combination, which meet or equal any criteria found in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4.

4. Claimant's testimony as to the severity of his condition is found to be no more than partially credible for the reasons set forth in this decision.

5. Claimant has the residual functional capacity to perform the exertional and nonexertional requirements of sedentary work with the particular restrictions set forth hypothetically to the vocational expert at the hearing.

6. Claimant is unable to perform his past relevant work due to the exertional requirements of that job.

7. Claimant has ranged between 41 and 43 years of age during the pertinent time frame of this appeal, which is defined as a "younger" individual and he has a "high school" education.

8. Based on an exertional capacity for a range of sedentary work, and claimant's age, education and work experience, Rule 201.28 of Table No. 1, Appendix 2, Subpart P, Regulations No. 4 indicates that a conclusion of not disabled is appropriate.

9. Although claimant has some non-exertional limitations, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the local and national economies which he could nonetheless perform, the numbers and identities of which were specifically set forth by the vocational expert at the hearing.

10. Claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time through the date of this decision.

## VI. DISCUSSION

In order to determine whether a claimant is under a disability, the ALJ must follow the five steps set forth in *Reyes v. Bowen,* 845 F.2d 242, 243 (10th Cir.1988). Those five steps are as follows:

(1) A person who is working is not disabled. 20 C.F.R. § 416.920(b).

(2) A person who does not have an impairment or combination of impairments severe enough to limit the ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c).

(3) A person whose impairment meets or equals one of the impairments listed in the regulations is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d).

(4) A person who is able to perform work [he] has done in the past is not disabled. 20 C.F.R. § 416.920(e).

(5) A person whose impairment precludes performance of past work is disabled unless the [Commissioner] demonstrates that the person can perform

other work. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f).

*Id.* If the Commissioner finds that a person is or is not disabled at any point in this process, then the review ends. *Id.*

A. The plaintiff first argues that the ALJ failed to apply the proper standards for evaluating Mr. Burkett's allegations of pain. In *Luna v. Bowen,* the Tenth Circuit outlined the process that an ALJ should use in order to determine if a claimant is disabled by pain. *Luna v. Bowen,* 834 F.2d 161, 163 (10th Cir.1987). First, the ALJ must determine "[i]f a pain-producing impairment is demonstrated by objective medical evidence." *Id.* If so, then the ALJ "must consider the relationship between the impairment and the pain alleged." *Id.* If an appropriate relationship between the impairment and the pain does exist, the ALJ "must then consider all the evidence presented to determine whether the claimant's pain is in fact disabling." *Id.* Although the plaintiff alleges that the ALJ made an erroneous credibility determination at the second step in this process, there is nothing in the opinion to indicate that the ALJ decided that Mr. Burkett's impairment could not reasonably be expected to produce the alleged pain. Instead, the opinion indicates that he decided Mr. Burkett's testimony regarding his pain was only partially credible under the third step.

Although the plaintiff states that Mr. Burkett's treating physician has prescribed Darvocet N–100 for Mr. Burkett's pain, the court notes that Mr. Burkett was only taking aspirin at the time of the hearing and obtained the prescription after the ALJ rendered his decision. The ALJ properly considered whether Mr. Burkett was using prescription pain medication to judge the severity of plaintiff's pain; however, the record does not reflect how long Mr. Burkett's pain had been as severe as he alleged in his testimony. The court also notes that the plaintiff submitted new medical evidence to the Appeals Council which indicates that Mr. Burkett's condition has deteriorated since the administrative hearing.

■ Because the medical evidence Mr. Burkett submitted to the Appeals Council did not exist until after the hearing, that fact alone is sufficient to excuse Mr. Burkett's failure to include those records with those considered in the administrative hearing. *Goad v. Shalala,* 7 F.3d 1397, 1398 (8th Cir. 1993). Pursuant to 42 U.S.C. § 405(g), the new evidence must also be material in order to be considered. Evidence obtained after an ALJ's decision is material only "'if it relates to the claimant's condition on or before the date of the ALJ's decision.'" *Id.* (quoting *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991)).

In this case, the hearing was held on January 9, and the ALJ's decision was dated February 16. Mr. Burkett's new medical records indicated that his condition was worse when he saw his treating physician on February 28. This deterioration was confirmed by further tests and visits with his other physicians which are recorded in the remainder of the additional medical evidence. Furthermore, the deterioration noted in the additional medical records relates to the condition which formed the basis of Mr. Burkett's SSDI claim. Since it seems highly unlikely that the deterioration noted in the additional records developed entirely in the short span of time between the date of the ALJ's decision and the date of the first doctor's visit noted in the additional records, the court finds that the additional medical records relate to Mr. Burkett's condition on or before the date of the ALJ's decision. Because the court does not have the ability to determine the impact the deterioration of Mr. Burkett's condition would have on his pain, his fatigue, or his ability to perform any of the jobs suggested by the vocational expert, the court finds that it is appropriate to reverse the ALJ's decision and remand this case to the ALJ with instructions to reopen this claim to consider the new and material medical evidence. *See* 42 U.S.C. § 405(g).

■ **B.** The plaintiff next argues that the ALJ failed to make proper credibility determinations. Normally, the ALJ determines the weight and credibility of testimony, and these determinations are generally considered binding on the reviewing court. *Broad-*

*bent v. Harris,* 698 F.2d 407, 413 (10th Cir. 1983). However, there must be some basis in the record for the ALJ to determine that a witness is not credible. *Lund v. Weinberger,* 520 F.2d 782, 785–86 (8th Cir.1975).

The plaintiff claims that the medical evidence did not support the ALJ's credibility determination regarding Mr. Burkett's allegations of severe pain. While the medical evidence does support Mr. Burkett's claims that he has chronic pain, the ALJ did have a reasonable basis to question the severity of Mr. Burkett's pain at the time of the hearing because Mr. Burkett testified that he only took aspirin for his pain and that he had not requested prescription pain medication from his doctor. However, the court again notes that the record does not reflect how long Mr. Burkett felt that the pain had been so severe. Thus, the ALJ should reconsider this determination on remand and in light of the additional medical evidence that has been submitted.

The plaintiff also argues that the ALJ erred by concluding that the retirement disability that Mr. Burkett receives may provide him with some incentive to avoid returning to work. The court finds that the ALJ did not have a reasonable basis for this conclusion. There was no evidence in the record to support that conclusion, especially since the ALJ recognized that Mr. Burkett had a good work history.

■ The plaintiff also argues that the ALJ improperly relied upon the statement that Mr. Burkett was required to file for SSDI when making his credibility determinations. The court notes that the record was not fully developed as to why Mr. Burkett was required to file a claim for Social Security Disability Insurance (SSDI). The ALJ has a duty to fully develop the facts involved in the claim. *Espinosa v. Secretary of Health & Human Services,* 565 F.Supp. 810, 814 (D.Kan.1983). Since the ALJ did not inquire why Mr. Burkett was required to file for SSDI, the ALJ should not have used the requirement as a basis for finding Mr. Burkett to be only partially credible.

Furthermore, the plaintiff argues that the ALJ improperly tried to discredit Mr. Burk-

ett's testimony by stating that Mr. Burkett was not receiving treatment for his ALS, even though the ALJ's medical expert testified that there was no treatment for ALS. Again, there must be some reasonable basis in the record in order for the ALJ to use this as a basis for determining credibility. *See Lund, supra.* The court finds that there was no basis for this determination because there was no treatment for Mr. Burkett's condition and the record reflects that he was having check-ups with his doctor at regular intervals.

In addition, the plaintiff argues that the ALJ did not make a credibility determination regarding the testimony of Ms. Ferguson, plaintiff's girlfriend, and that the failure to do so requires a reversal and remand. *See Smith v. Heckler,* 735 F.2d 312, 317 (8th Cir.1984). However, SSA argues that the ALJ's decision implied that he had determined that Ms. Ferguson was not credible for the same reasons as Mr. Burkett. Since the court has already determined that this case will be reversed and remanded with instructions to reconsider this claim in light of Mr. Burkett's new and material medical evidence, the court further instructs the ALJ to make a determination regarding the credibility of Ms. Ferguson's testimony in accordance with the above discussion of Mr. Burkett's credibility.

C.   The plaintiff next argues that the ALJ failed to assign the appropriate weight to the findings of the claimant's treating physicians. The court has reviewed the medical evidence that was submitted at the time of the hearing and the new and material medical evidence which was submitted to the Appeals Council. Although the court found that there was some evidence in the record at the time of the hearing which supported Mr. Burkett's claim, it is not clear from those records that there had been much progression of Mr. Burkett's ALS. The new medical evidence which was submitted to the Appeals Council, however, does show that there has been deterioration in Mr. Burkett's condition and provides much more support for his claims. Again, it is not entirely clear to the court how much impact this deterioration would have on Mr. Burkett's ability to function or

his ability to do sedentary work. Therefore, as previously noted, the court finds it necessary to reverse the ALJ's decision and remand for reconsideration in light of the new and material medical evidence.

D.   The plaintiff next argues that the ALJ failed to consider evidence regarding the psychological limitations experienced by Mr. Burkett. The court notes that the ALJ did address the psychological evidence presented by Mr. Burkett and found that he did not suffer from a severe mental impairment. This decision appears to have been based in large part upon the ALJ's credibility determination regarding Mr. Burkett's testimony because the ALJ felt that Mr. Burkett's one session with the psychiatrist had been done solely for the purposes of the administrative hearing. Although there is some basis in the record for this credibility determination, Mr. Burkett's new medical evidence indicates that he has continued having counseling sessions with the psychiatrist. On remand, this issue should also be reconsidered in light of Mr. Burkett's new and material medical evidence.

**IT IS THEREFORE BY THE COURT ORDERED** that this matter is reversed and remanded with instructions to reopen the claim for consideration of new and material evidence, with the assistance of a medical expert, and credibility determinations in accordance with this opinion.