993 F.Supp. 712 (1998)
Bobby G. FINCH, Plaintiff,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant.
No. 1:97CV78 CDP.
United States District Court, E.D. Missouri, Southeastern Division.
January 8, 1998.
Donald R. Rhodes, Bloomfield, MO, for plaintiff.
Henry J. Fredericks, Asst. U.S. Attorney, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on the Commissioner's motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff has not objected to the Commissioner's motion.

I. Background

On October 5, 1995, plaintiff Bobby Finch filed an application for a period of disability and disability insurance benefits, pursuant to § 216(i) and § 223 of the Social Security Act, respectively. 42 U.S.C. § 416(i) and § 423. Plaintiff claimed that he had become disabled as of March 16, 1995, as the result of an excised lung, chronic bronchitis and asthma, an irregular heart beat, lower back pain, and problems with his left knee. Plaintiff's application for benefits was denied on December 5, 1995, and his request for reconsideration was denied on January 24, 1996. Plaintiff *713 then requested a hearing before an Administrative Law Judge (ALJ). This hearing was held on May 14, 1996. The ALJ issued his decision on September 6, 1996, determining that plaintiff was not entitled to benefits. The Appeals Council denied plaintiff's request for review of the ALJ's decision on May 7, 1997.
Plaintiff filed his complaint in this Court on May 19, 1997, and the Commissioner filed his answer on August 13, 1997. Plaintiff then filed a motion for summary judgment on September 9, 1997, contending that the ALJ's decision was not supported by substantial evidence and requesting the Court to find him eligible for disability benefits. The Commissioner filed no response to plaintiff's motion, and instead filed this motion to remand. The Commissioner requests remand because the ALJ failed to consider all of plaintiff's subjective complaints of pain, failed to evaluate the medical opinions and findings of plaintiff's treating and examining physicians, failed to adequately assess plaintiff's residual functional capacity, and failed to compare the mental and physical demands of plaintiff's past relevant work with his residual functional capacity.

II. Discussion

In reviewing final agency decisions concerning Social Security benefits, a district court may remand a case to the Commissioner only under sentence four or sentence six of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). These represent the exclusive methods for ordering a remand.[1]Id.; Melkonyan v. Sullivan, 501 U.S. 89, 99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Sentence four provides that, in reviewing Social Security determinations:
The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.
Sentence six of § 405(g) provides:
The court may, on motion of the [Commissioner] made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the [Commissioner] shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.
As the statute makes clear, a court may remand under sentence four only if it first makes a "substantive" ruling on the correctness of the administrative decision.[2]Melkonyan, 501 U.S. at 98. A remand under sentence six is appropriate if (1) the Commissioner requests a remand prior to answering the complaint, or (2) new, material evidence is adduced that was for good cause not presented before the agency. See Schaefer, 509 U.S. at 297 n. 2.
*714 In this case, a sentence six remand is obviously inappropriate. The Commissioner has filed an answer and does not proffer any "new, material evidence" that was not presented to the ALJ. Rather, the request for remand is based upon the Commissioner's determination that the ALJ failed to properly treat the evidence before him. The Court therefore concludes that a sentence four remand is appropriate.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) [# 15] is granted, and that plaintiff's motion for summary judgment [# 13] is denied.
A separate judgment in accordance with this memorandum and order is entered this same date.
NOTES
[1] The Court in Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), explained that Congress's purpose in limiting a district court's authority to enter remand orders was to prevent the remand of Social Security cases "`undertaken because the judge disagree[d] with the outcome of the case even though he would have to sustain it under the substantial evidence rule.'" 501 U.S. at 101 (quoting S.Rep. No. 96-408, pp. 58-59).
[2] Some courts have suggested that a sentence four remand is improper unless the court first conducts a "plenary" review of the record. Hanson v. Chater, 895 F.Supp. 1279, 1282 (N.D.Iowa 1995); Seaborn v. Sullivan, 822 F.Supp. 121, 124 (S.D.N.Y.1993). Sentence four's phrase "upon the pleadings and transcript of the record" appears to support this interpretation of the statute. However, it does not explicitly mandate it. In addition, neither Schaefer nor Melkonyan states that such a review is required. Conducting such a review would appear to serve no useful purpose where, as here, the Commissioner himself has moved for a sentence four remand based on infirmities in the ALJ's decision.