Willie L. MORRIS, III, Next Friend
of Willie L. Morris, IV, SSN:
505–15–8397, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of
Social Security Administration,
Defendant.

No. 4:97CV3277.

United States District Court,
D. Nebraska.

July 10, 1998.

Patrick Carraher, Legal Services of Southeast Nebraska, Lincoln, NE, for Plaintiff.

Thomas J. Monaghan, United States Attorney, D.NE., Susan L. Knight, Assistant United States Attorney, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

As described in this court's June 15, 1998, order (filing 16), Plaintiff filed a first amended complaint to review and set aside a decision under the Social Security Act on September 19, 1997 (filing 4). On December 1, 1997, Defendant filed an answer. On December 2, 1997, the court issued a briefing order, and Plaintiff submitted a brief pursuant to that order on January 5, 1998. The briefing order was extended on January 30, 1998, for the filing of Defendant's brief. (Filings 11 & 13.)

On March 3, 1998, and in lieu of a brief on the merits, Defendant filed a "motion to remand and for entry of final judgment" (filing 14), in support of which it submitted a memorandum. The memorandum states that "remand is necessary for further consideration of plaintiff's claim"; that the "Appeals Council failed to address new evidence which raises the possibility that plaintiff was suffering from the effects of AIDS prior to the date established in the later application"; that "[u]pon receiving the Court's final order of remand, the Appeals Council will remand this case to update the record with medical and school records and obtain medical expert testimony to determine if the severity of plaintiff's impairment met or equaled listing 114.08"; that "[u]nfortunately, the necessity for remand was not discovered until the case reached defendant's legal counsel for briefing"; that remand would expedite administrative review, "ensure that the Commissioner properly considers plaintiff's claim," and may "make judicial review unnecessary"; and that the court should issue a sentence-four remand pursuant to 42 U.S.C. § 405(g) and enter final judgment. (Def.'s Mem. Supp. Def.'s Mot. Remand & Entry Final Jmt. at 1–2.)

On April 22, 1998, Plaintiff filed a "notice" (filing 15) in which Plaintiff "joins" in Defendant's motion for remand, and on June 1, 1998, I received correspondence from Plaintiff's counsel, who stated that "both parties are in agreement that the matter should be remanded, so there should be no dispute regarding [issuing a sentence-four remand order and final judgment]."

I issued an order on June 15, 1998, which discussed the distinction between a sentence-four and sentence-six remand under 42 U.S.C. § 405(g) and ordered the parties to

either (a) make the appropriate showing in order to allow the court to enter a sentence-six remand order pursuant to 42 U.S.C. § 405(g), or (b) otherwise respond to the order (filing 14). The parties have now responded (filings 17 & 18). Based upon my consideration of these responses and other relevant case law, I shall grant Defendant's motion to remand (filing 14) pursuant to sentence four of 42 U.S.C. § 405(g).

Specifically, because the court construes the defendant's motion to remand and supporting memorandum as a concession of error at the administrative level[1] which brings into question the decision below, and because the government specifically concedes that this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g), I shall reverse and remand this matter to the defendant in order to properly consider "evidence which raises the possibility that plaintiff was suffering from the effects of AIDS prior to the date established in the later application" and any relevant changes in the law. *See Finch v. Apfel,* 993 F.Supp. 712 (E.D.Mo. 1998) (in similar case, sentence-four remand appropriate when Commissioner's request for remand was based on ALJ's failure to properly treat the evidence before him).

Accordingly,

IT IS ORDERED:

1. Defendant's motion to remand and for entry of final judgment (filing 14) is granted;

2. This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) in order to allow the defendant to properly consider "evidence which raises the possibility that plaintiff was suffering from the effects of AIDS prior to the date established in the later application" and any relevant changes in the law; and

3. Judgment shall be entered by separate document.

---

1. The defendant's memorandum in support of its motion for remand states that "the Appeals Council failed to address new evidence" and that remand would "ensure that the Commissioner properly considers plaintiff's claim."